**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 120-014 |
| | * | |
| MICHAEL PEYTON GUNN. | * | |

## Jury Instructions

### INTRODUCTION

Members Of The Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

## THE DUTY TO FOLLOW INSTRUCTIONS AND THE PRESUMPTION OF INNOCENCE WHEN A DEFENDANT DOES NOT TESTIFY

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant is not evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and since the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

Please note that I will refer to the "superseding indictment" as the "indictment" for the remainder of my instructions.

## DEFINITION OF "REASONABLE DOUBT"

The Government's burden of proof is heavy, but it does not have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

### CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case.  Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There is no legal difference in the weight you may give to either direct or circumstantial evidence.

## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them  directly?
- Did the witness's testimony differ from other testimony or other evidence?

5

**IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### TESTIMONY OF ACCOMPLICE OR CODEFENDANT WITH PLEA AGREEMENT

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a Codefendant in exchange for her testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

## SIMILAR ACTS EVIDENCE
### (Rule 404(b), Fed. R. Evid.)

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the indictment. This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendant had a motive or the opportunity to commit the acts charged in the indictment, the Defendant acted according to a plan or in preparation to commit a crime, or the Defendant committed the acts charged in the indictment by accident or mistake.

## INTRODUCTION TO OFFENSE INSTRUCTIONS

The indictment charges nine separate crimes, called "counts," against the Defendant.  Each count has a number.  You will be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendant conspired with other to commit sex trafficking of a child.

Counts Two through Nine charge that the Defendant committed what are called "substantive offenses," specifically Sex Trafficking of a Child, Coercion and Enticement of a Child to Engage in Sexual Activity, Production of Child Pornography by a Parent or Guardian, Possession of Child Pornography, and Obstruction of a Child Sex Trafficking Investigation.

I will explain the law governing those substantive offenses in a moment.  But first note that the Defendant is not charged in Count One with committing a substantive offense - he is charged with <u>conspiring</u> to commit that offense.  I will also give you specific instructions on conspiracy.

**CONJUNCTIVELY CHARGED COUNTS**

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**ON OR ABOUT AND KNOWINGLY – GENERALLY**

You will see that the indictment charges that a crime was committed "on or about" a certain date.  The Government does not have to prove that the crime occurred on an exact date.  The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

## CAUTION: PUNISHMENT
### (SINGLE DEFENDANT, MULTIPLE COUNTS)

Each count of the indictment charges a separate crime.  You must consider each crime and the evidence relating to it separately.  If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment.  You are here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty.  If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

## CAUTION: IMAGES IN EVIDENCE

You have been shown certain images that have been admitted into evidence. These images were shown only to assist you in determining whether the government has met its burden to prove the defendant guilty of all of the elements of the charges against him. You should not allow any feelings that you may have regarding these images to affect this determination in any manner. You should consider these images in the same unbiased, impartial way as you would any other piece of evidence offered by either side in the case.

## SEX TRAFFICKING CONSPIRACY
## 18 U.S.C. § 1594(c)

It is a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of sex trafficking of a child.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit sex trafficking of a child, as charged in the indictment; and

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it; and

(3) the object of the unlawful plan was to knowingly recruit, entice, harbor, transport, provide, obtain, or maintain by any means the Minor, whom the Defendant knew, or recklessly disregarded the fact,

had not attained the age of 18 years, or whom the Defendant had a reasonable opportunity to observe, whom would be caused to engage in a commercial sex act; and

(4) that the object of the Defendant's plan was in or affected interstate commerce.

Please note that if the Government proves beyond a reasonable doubt that the defendant had a reasonable opportunity to observe the person recruited, enticed, harbored, transported, provided, obtained, or maintained, then the Government does not have to prove that the defendant knew that the person had not attained the age of 18 years.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy.  Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

## SEX TRAFFICKING OF A CHILD
## 18 U.S.C. § 1591(a)

It is a Federal crime for anyone, in or affecting commerce, to recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person, knowing or in reckless disregard of the fact that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)   the Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means the Minor;

(2)   that the Defendant did so knowing or in reckless disregard of the fact that the Minor had not attained the age of 18 years and would be caused to engage in a commercial sex act, or whom the Defendant had a reasonable opportunity to observe; and

(3)   that the Defendant's acts were in or affected interstate commerce.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

In determining whether the Defendant's conduct was "in or affected interstate commerce," you may consider whether the Defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether his conduct substantially affected

interstate commerce by virtue of the fact that he purchased items that had moved in interstate commerce.

Please note that if the Government proves beyond a reasonable doubt that the defendant had a reasonable opportunity to observe the person recruited, enticed, harbored, transported, provided, obtained, or maintained, then the Government does not have to prove that the defendant knew that the person had not attained the age of 18 years.

**COERCION AND ENTICEMENT OF A MINOR TO ENGAGE IN SEXUAL ACTIVITY**
**18 U.S.C. § 2422(b)**

It is a Federal crime for anyone, using any facility or means of interstate or foreign commerce, including transmissions by computer on the Internet, to persuade, induce, entice, or coerce anyone under 18 years old to engage in any sexual activity for which any person could be charged with a criminal offense.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1.  the Defendant knowingly persuaded, induced, enticed, or coerced the Minor to engage in sexual activity, as charged;

2.  the Defendant used the internet to do so;

3.  when the Defendant did these acts, the Minor was less than 18 years old; and

4.  one or more of the individual(s) engaging in the sexual activity could have been charged with a criminal offense under the law of Georgia.

So the Government must prove that one or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under the laws of Georgia.

As a matter of law the following acts are crimes under Georgia law. Under Ga. Code Ann. § 16-6-4(a), a person commits the offense of child molestation when such person:

(1) Does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person; or

18

    (2)   By means of an electronic device, transmits images of a person engaging in, inducing, or otherwise participating in any immoral or indecent act to a child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person.

As used in this instruction, "induce" means to stimulate the occurrence of or to cause.

The internet is a facility of interstate commerce.]

## PRODUCTION OF CHILD PORNOGRAPHY BY A PARENT OR GUARDIAN
## 18 U.S.C. § 2251(b)

It is a Federal crime for any person to employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct if the visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer and the visual depiction has been transported in interstate or foreign commerce, or mailed.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) an actual minor, that is, a real person who was less than 18 years old, was depicted;

(2) the Defendant was a parent or legal guardian of the Minor;

(3) the Defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, e.g., video tape, of the conduct;

(4) either (a) the Defendant knew or had reason to know that the visual depiction, e.g., video tape, would be mailed or transported in interstate or foreign commerce; (b) the visual depiction, e.g., video tape, was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or (c) the visual depiction, e.g., video tape, was mailed or actually transported in interstate or foreign commerce.

20

While the Government must prove that a purpose of the sexually explicit conduct was to produce a visual depiction, it need not be Defendant's only or dominant purpose.

The term "interstate or foreign commerce" means the movement of a person or property from one state to another state or from one state to another country.  The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.  It is not necessary for the Government to prove that the Defendant knew that the visual depiction or the materials used to produce the visual depiction had moved in interstate or foreign commerce.

The term "minor" means any person who is less than 18 years old.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data-processing device performing logical, arithmetic, or storage functions, and includes any data-storage facility or communications facility directly related to or operating in conjunction with that device, but the term does not include an automated typewriter or typesetter, a portable hand-held calculator, or similar devices that are limited in function to only word-processing or mathematical calculations.

21

The term "visual depiction" includes undeveloped film and videotape, and data stored on a computer disk or by any other electronic means that can be converted into a visual image.

The term "sexually explicit conduct" means actual or simulated:

- sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

- bestiality;

- masturbation;

- sadistic or masochistic abuse; or

- lascivious exhibition of the genitals or pubic area of any person.

"Lascivious exhibition" means indecent exposure of the genitals or pubic area, usually to incite lust. Not every exposure is a lascivious exhibition.

To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed. Factors you may consider include:

- the overall content of the material;

- whether the focal point of the visual depiction is on the minor's genitalia or pubic area;

- whether the setting of the depiction appears to be sexually inviting or suggestive - for example, in a location or in a pose associated with sexual activity;

- whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;

- whether the minor is partially clothed or nude;

- whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and

- whether the depiction appears to have been designed to elicit a sexual response in the viewer.

## POSSESSION OF CHILD PORNOGRAPHY
### (VISUAL DEPICTION OF ACTUAL MINOR)
### 18 U.S.C. § 2252A(a)(5)(B)

It is a Federal crime to knowingly possess any child pornography that has been transported, shipped, or mailed in interstate or foreign commerce, including by computer.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly possessed an item or items of child pornography;

(2) the item[s] of child pornography had been transported, shipped, or mailed in interstate or foreign commerce, including by computer; and

(3) when the Defendant possessed the item[s], the Defendant believed the item[s] were child pornography.

The term "interstate or foreign commerce" is the movement of property between different states or between the United States and any place outside the United States.

The term "State" means a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.  It does not matter whether the Defendant knew the child pornography had moved in interstate or foreign commerce.  The Government only has to prove that the child pornography actually did move in interstate or foreign commerce.

The term "computer" includes any high-speed data-processing device that can perform logical, arithmetic, or storage functions,

including any data storage facility or communications facility that is directly related to or operates in conjunction with the device. It doesn't include an automated typewriter or typesetter, portable hand-held calculator, or similar devices that are solely capable of word-processing or arithmetic calculations.

The term "child pornography" means any visual depiction including any photograph, film, video, picture, or computer or computer generated image or picture, made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the visual depiction's production involves using a minor engaging in sexually explicit.

"Minor" is any person under 18 years old.

The term "visual depiction" includes undeveloped film and videotape, and data stored on computer media or by other electronic means that can be converted into a visual image.

The term "sexually explicit conduct" means actual or simulated:

- sexual intercourse, including genital-genital, oral-genital, anal- genital, or oral-anal contact, whether between persons of the same or opposite sex;

- bestiality;

- masturbation;

- sadistic or masochistic abuse; or

- lascivious exhibition of the genitals or pubic area of any person.

"Lascivious exhibition" means indecent exposure of the genitals or pubic area, usually to incite lust. Not every exposure is a lascivious exhibition.

To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed. Factors you may consider include:

- the overall content of the material;

- whether the focal point of the visual depiction is on the minor's genitalia or pubic area;

- whether the setting of the depiction appears to be sexually inviting or suggestive - for example, in a location or in a pose associated with sexual activity;

- whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;

- whether the minor is partially clothed or nude;

- whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and

- whether the depiction appears to have been designed to elicit a sexual response in the viewer.

A visual depiction need not have all these factors to be a lascivious exhibition.

## OBSTRUCTION OF A SEX TRAFFICKING INVESTIGATION
## 18 U.S.C. § 1591(d)

It is a Federal crime to knowingly obstruct, attempt to obstruct, or in any way interfere with or prevent the enforcement of 18 U.S.C. § 1591 (Sex Trafficking of a Child).

The Defendant can be found guilty of this crime only if the following facts are proved beyond a reasonable doubt:

(1)  the Defendant knowingly obstructed or attempted to obstruct the enforcement of investigation; and

(2)  the investigation related to 18 U.S.C. § 1591 (Sex Trafficking of a Child).

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident

Obstruction can include attempts to alter, destroy, mutilate, conceal, cover up, falsify, or make false entries.

The Government is not required to prove that any matter or investigation was pending or imminent at the time of the Defendant's alleged obstructive acts, but only that the acts were taken in relation to or in contemplation of any such matter, and were intended to impede, obstruct, or influence the investigation or proper administration of that matter.

The Government is not required to prove that the Defendant knew that the federal investigation was underway or would occur in the future.

27

### AIDING AND ABETTING; AGENCY
### 18 U.S.C. § 2

It is possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

## DELIBERATE IGNORANCE AS PROOF OF KNOWLEDGE

If a Defendant's knowledge of a fact is an essential part of a crime, it is enough that the Defendant was aware of a high probability that the fact existed – unless the Defendant actually believed the fact did not exist.

"Deliberate avoidance of positive knowledge" – which is the equivalent of knowledge – occurs, for example, if a defendant possesses a package and believes it contains a controlled substance but deliberately avoids learning that it contains the controlled substance so he or she can deny knowledge of the package's contents.

So you may find that a defendant knew about the possession of a controlled substance if you determine beyond a reasonable doubt that the defendant (1) actually knew about the controlled substance, or (2) had every reason to know but deliberately closed [his] [her] eyes.

But I must emphasize that negligence, carelessness, or foolishness isn't enough to prove that the Defendant knew about the possession of the controlled substance.

29

## POSSESSION

The law recognizes several kinds of possession. A person may have actual possession, constructive possession, sole possession, or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a **person does not have** actual possession of it, but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

## CONSENT IS NOT A DEFENSE

I instruct you as a matter of law that minors lack the capacity to consent to unlawful sexual conduct. Therefore, whether the alleged minors involved in this case voluntarily agreed to engage in commercial sex acts has no bearing on the issue of whether the Defendant is guilty of the charges contained in the indictment.

**NOTETAKING**

You have been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## DUTY TO DELIBERATE

Your verdict, whether guilty or not guilty, must be unanimous - in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**VERDICT**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.