UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 1:20-CR-014 |
| ) | |
| MICHAEL PEYTON GUNN, ) | |
| DEFENDANT. ) | |

### DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, FOR NEW TRIAL

NOW COMES Michael Peyton Gunn, Defendant in the above-captioned case, by and through the undersigned counsel, who at the Defendant's request, hereby files his Motion For Judgment Of Acquittal, Or In The Alternative, For New Trial. Defendant respectfully requests the Court to enter an Order for judgment of acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, or in the alternative, enter an Order granting a new trial, pursuant to Rule 33(a) of the Federal Rules of Criminal Procedure.

**1.**

Defendant's trial on a nine count Indictment began on November 15, 2021. On November 18, 2021, the Defendant moved for a judgement of acquittal, pursuant to Fed. R. Crim. P. 29, after the Government rested their case-in-chief. The

Defendant's motion was denied.  Thereafter, the jury returned a verdict of guilty on each count of Indictment that same day.

**2.**

In deciding a post-trial Fed. R. Crim. P. 29 motion of acquittal a district court must determine whether, viewing all evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond reasonable doubt.  *United States v. Williams*, 390 F.3d 1319 (11th Cir. 2004); *United States v. Grigsby*, 111 F.3d 806 (11th Cir. 1997).  Furthermore, "[a]lthough circumstantial evidence alone can support a conviction, there are times that it amounts to only reasonable speculation and not to sufficient evidence." *Newman v. Metrish*, 543 F.3d 793, 796 (6th Cir. 2008); *United States v. Cartwright*, 359 F.3d 281, 291 (3d Cir. 2004) (evidence found insufficient where government asked the jury to make a series of inferences on weak facts where "countless other scenarios that do not lead to the ultimate inference the government seeks to draw" were also plausible).

Here, the government did not present sufficient evidence to convict the Defendant of the counts alleged in the Indictment.  The Court should enter a judgment of acquittal because, even taken in the light most favorable to the

Government, there was insufficient evidence at trial to establish beyond a reasonable doubt that the defendant committed the counts alleged in the Indictment. The testimony and exhibits from the Government offered proof that someone committed the crimes alleged and did not establish that it was the Defendant to the exclusion of every other reasonable hypothesis. To the contrary, the Government only proved beyond a reasonable doubt that three other individuals were guilty of the crimes charged in the Indictment.

**3.**

If the Court grants a post-trial judgment of acquittal, Fed. R. Crim. P. 29(d)(1) provides that the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed. *United States v. Miranda*, 425 F.3d 953 (11th Cir. 2005).

**4.**

Fed. R. Crim. P. 33 states that on motion of the defendant, the Court may grant a new trial if required in the interest of justice. The decision to grant or deny a new trial motion is within the sound discretion of the trial court. *United States v. Pedrick*, 181 F.3d 1264 (11th Cir. 1999); *United States v. To*, 144 F.3d 737 (11th Cir. 1998); *United States v. Wilson*, 894 F.2d 1245 (11th Cir. 1990); *United States v. Vicaria*, 12 F.3d 195 (11th Cir. 1994).

The standard for granting a new trial on the basis of the weight of the evidence is not the same as the standard for evaluating the sufficiency of the evidence under Fed. R. Crim. P. 29.  First, the trial court is not required to view the evidence in the light most favorable to the verdict.  Second, the trial judge may weigh the evidence and consider the credibility of witnesses.  *United States v. Hernandez*, 433 F.3d 1328, 1335 (11th Cir. 2005).

Even if the evidence is found sufficient to sustain the verdict, it preponderates heavily against the verdict, in which case defendant's motion for a new trial should be granted.

Respectfully submitted this 30th day of November, 2021.

/s/ *Shawn M. Merzlak*
SHAWN M. MERZLAK
GA Bar No. 297965

ATTORNEY FOR DEFENDANT

HAWK LAW GROUP
338 Telfair Street
Augusta, GA  30909
(706) 444-4444
smerzlak@hawklawgroup.com

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the Notice of Electronic Filing that was generated as a result of electronic filing in this Court.

This 30th day of November, 2021.

                                                */s/ Shawn M. Merzlak*_____
                                                SHAWN M. MERZLAK
                                                Georgia Bar No. 297965

                                                ATTORNEY FOR DEFENDANT

HAWK LAW GROUP
338 Telfair Street
Augusta, Georgia 30901
(706) 444-4444
smerzlak@hawklawgroup.com