UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO: 1:20-cr-0014 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL PEYTON GUNN | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL [DOC. 256]**

NOW COMES the United States of America, by and through David H. Estes, United States Attorney for the Southern District of Georgia, and files the response of the United States of America to Defendant's Motion for Judgment of Acquittal and New Trial. (Doc. 256)

I. **Procedural Background**

On March 5, 2020, the defendant was charged in a five-count indictment with production of child pornography by a parent or guardian and possession of child pornography, in the Southern District of Georgia. (Doc. 2).

On March 3, 2021, the defendant was charged in a nine-count superseding indictment with conspiracy sex trafficking of a minor, sex trafficking of a minor coercion and enticement of a child to engage in sexual activity, production of child pornography by a parent or guardian, possession of child pornography and obstruction of a sex trafficking investigation, in the Southern District of Georgia. (Doc. 153).

A pretrial conference was held on November 4, 2021. (Doc. 213) On November 15, 2021, defendant's four-day trial began. (Doc. 241) On November 18, 2021, a jury returned a verdict of guilty on all nine counts of the Superseding Indictment, and the defendant was adjudged guilty. (Doc. 244)

On November 30, 2021, defendant filed a timely motion for judgment of acquittal and motion for new trial. (Doc. 256)

As grounds for his motions, Gunn contends that even taken in the light most favorable to the government, there was insufficient evidence at trial to establish beyond a reasonable doubt that the defendant committed the count alleged in the Superseding Indictment. (Id. at 2) Gunn suggests that the Government only proved that other individuals were guilty of other crimes charged in the Superseding Indictment (Id. at 3)

**II.    Argument**

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, a district court must enter a judgment of acquittal if "the evidence is insufficient to sustain a conviction." When evaluating Rule 29 claims for judgment of acquittal, the Court must view the evidence in the light most favorable to the Government, making all reasonable inferences and credibility determinations in favor of the jury's verdict. United States v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999). The Court need only determine "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt" based on the evidence. United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989)

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, upon a defendant's motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." The rule may be applied, for example, where there is a finding of prosecutorial misconduct or insufficient evidence to support the jury's verdict. United States v. Dixon, 658 F.2d 181, 193 (3d Cir. 1981). When the basis of a motion for a new trial is the weight of the evidence, "the court need not view the evidence in the light most favorable to the verdict." United States v. Hernandez, 433 F.3d 1328, 1335 (11th Cir. 2005) (quoting United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985)). Instead, "[it may weigh the evidence and consider the credibility of the witnesses." Id. (quoting Martinez, 763 F.2d at 1312). Thus, a motion for a new trial employs a different, less onerous standard for a defendant to meet than a motion for judgment of acquittal. See id. at 1335-36 (vacating a lower court's decision for applying an incorrect standard to a defendant's motion for a new trial). If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury. Id. at 1335 (quoting Martinez, 763 F.2d at 1312). Nevertheless, motions for new trials based on the weight of the evidence are granted sparingly, with caution, and in "really 'exceptional cases.'" Id. at 1336-37 (quoting Martinez, 763 F.2d at 1313).

Defendant's contention that there was insufficient evidence to convict him on all counts of the Superseding Indictment is without merit. Evidence at trial showed

conclusively, as alleged in the indictment, that Gunn conspiracy sex trafficking of a minor, sex trafficking of a minor coercion and enticement of a child to engage in sexual activity, production of child pornography by a parent or guardian, possession of child pornography and obstruction of a sex trafficking investigation, in the Southern District of Georgia.

### A. The evidence was sufficient to support the verdict and the weight of evidence supports the verdict.

During the defendant's four-day trial, the United States presented ten witnesses and overwhelming documentary and physical evidence–

1) testimony from the minor victim who identified his/her sexual abuser as the defendant;

2) testimony from the minor victim who detailed the steps employed by the defendant to carry out the business of sex trafficking the minor;

3) testimony from the minor victim who testified about the defendant's production of child production;

4) testimony from the minor victim about the defendant's destruction of electronic devices and physical evidence related to sex trafficking and the production of child pornography;

5) forensic evidence which identified child pornography on electronic devices belonging to the defendant;

6) forensic evidence which identified child pornography attached to email addresses controlled by the defendant;

7) testimony and exhibits attributing use of electronic devices with child pornography to the defendant;

8) images of child pornography including a white sneaker worn by the person capturing images of child pornography;

9) an audio recording of the defendant's statement given to law enforcement;

10) testimony from the defendant's parents identifying the owner of the shoe in the images of child pornography as the defendant;

11) testimony from the defendant's co-conspirator and other witnesses regarding the sex trafficking conspiracy; and

12) trial exhibits, including the images of child pornography

– to prove its case.

The Court instructed the jury concerning the elements of all nine counts in the Superseding Indictment. (Doc. 252) Clearly, a reasonable jury, weighing the evidence presented and following the Court's instructions, could convict the Defendant of these counts. The jury's speedy deliberation and guilty verdict demonstrated its confidence in the evidence presented during the trial.

There is no reason to believe that a miscarriage of justice occurred and Defendant's contention that he is entitled to acquittal or a new trial is without merit.

For each of the foregoing reasons, Gunn's motion(s) should be denied.

Respectfully submitted,

DAVID H. ESTES
United States Attorney

***s/ Tara M. Lyons***
Tara M. Lyons
South Carolina Bar No. 16573
Assistant United States Attorney
United States Attorney's Office
Southern District of Georgia
Post Office Box 2017
Augusta, Georgia 30903
T: (706) 826-4532
tara.lyons@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CASE NO: 1:20-cr-0014 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MICHAEL PEYTON GUNN** | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 23rd day of December 2021.

                                      Respectfully submitted,

                                      DAVID H. ESTES
                                      United States Attorney

                                        ***s/ Tara M. Lyons***
                                      Tara M. Lyons
                                      South Carolina Bar No. 16573
                                      Assistant United States Attorney
                                      United States Attorney's Office
                                      Southern District of Georgia
                                      Post Office Box 2017
                                      Augusta, Georgia 30903
                                      T: (706) 826-4532
                                      tara.lyons@usdoj.gov