IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 120-014 |
| | * | |
| MICHAEL PEYTON GUNN | * | |

**ORDER**

Before the Court is Defendant Michael Peyton Gunn's motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, or in the alternative, motion for new trial under Federal Rule of Criminal Procedure 33. (Doc. 256.) For the reasons set forth below, Defendant's motions are **DENIED**.

**I. BACKGROUND**

On November 18, 2021, a jury convicted Defendant on nine counts: (1) sex trafficking conspiracy under 18 U.S.C. § 1594(c); (2) sex trafficking of a child under 18 U.S.C. § 1591(a); (3) coercion and enticement of a minor to engage in sexual activity under 18 U.S.C. § 2422(b); (4-7) four counts of production of child pornography by a parent or guardian under 18 U.S.C. § 2251(b); (8) possession of child pornography (visual depiction of actual minor) under 18 U.S.C. § 2252(a)(5)(B); and (9) obstruction of a child sex trafficking investigation under 18 U.S.C. § 1591(d). (Doc. 254.) At the close of the Government's case, Defendant moved for a judgment of acquittal on all counts under Federal Rule of

Criminal Procedure 29. The Court denied his motion. Defendant now renews his motion for judgment of acquittal and moves for a new trial in the alternative. (Doc. 256).

## II. MOTION FOR JUDGMENT OF ACQUITTAL

### A. Legal Standard

A motion for judgment of acquittal should be granted only if "the evidence is insufficient to sustain a conviction" of the offense charged. FED. R. CRIM. P. 29(a). In considering a Rule 29 motion, "the trial court is required to determine whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987) (citations omitted). The verdict must stand if there is substantial evidence to support it, that is, "unless no trier of fact could have found guilt beyond a reasonable doubt." United States v. Pineiro, 389 F.3d 1359, 1367 (11th Cir. 2004) (citation and quotation marks omitted).

### B. Analysis

Defendant argues "the [G]overnment did not present sufficient evidence to convict the Defendant of the counts alleged in the Indictment." (Doc. 256, at 2.) Further, he argues "even taken in the light most favorable to the Government, there was insufficient

evidence at trial to establish beyond a reasonable doubt that the defendant committed the counts alleged in the Indictment." (Id. at 2-3.) The Government responded to Defendant's motion, arguing Defendant's contentions are without merit and the evidence at trial conclusively proved Defendant guilty on all nine counts of the Indictment. (Doc. 259, at 3-4.)

1. Count One - Sex Trafficking Conspiracy

To prove sex trafficking conspiracy, the Government had to prove beyond a reasonable doubt:

(1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit sex trafficking of a child, as charged in the indictment; and

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it; and

(3) the object of the unlawful plan was to knowingly recruit, entice, harbor, transport, provide, obtain, or maintain by any means the Minor, whom the Defendant knew, or recklessly disregarded the fact, had not attained the age of 18 years, or whom the Defendant had a reasonable opportunity to observe, whom would be caused to engage in a commercial sex act; and

(4) that the object of the Defendant's plan was in or affected interstate commerce.

18 U.S.C. § 1594(c). The Court finds the Government met its burden of proof as to all elements of count one. As to element one, the Government presented the testimony of co-defendant Amanda Gunn who explained the background and operation of the sex trafficking conspiracy. As to the second element, the Government presented

3

testimony and exhibits (including the testimony of the minor victim) that showed how Defendant acted to carry out the conspiracy, as well as audio recordings of Defendant's statements given to law enforcement. As to element three, the Government presented testimony by the minor victim, audio recordings of Defendant's statements given to law enforcement, testimony of Jonathan Grantham (who engaged in the sex trafficking for which he was separately convicted), and voluminous other evidence that Defendant planned to traffic the minor victim across state lines for the purpose of engaging in commercial sex acts. The Government showed Defendant planned to commercially traffic the minor victim, whom he knew was under the age of eighteen, to commit commercial sex acts for money and other consideration, and that he actually did, among other acts, recruit, maintain, harbor, transport, and provide the minor victim for that purpose. As to element four, Defendant engaged in commercial sex trafficking from his home in Georgia across state lines into North Augusta, South Carolina, specifically with a resident of South Carolina who engaged in sex acts with the minor victim at a motel in that state. As such, the evidence presented by the Government was sufficient for a reasonable trier of fact to find Defendant guilty beyond a reasonable doubt as to count one.

2. <u>Count Two – Sex Trafficking of a Child</u>

To prove sex trafficking of a child, the Government had to prove beyond a reasonable doubt:

(1) the Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means the Minor;

(2) that the Defendant did so knowing or in reckless disregard of the fact that the Minor had not attained the age of 18 years and would be caused to engage in a commercial sex act, or whom the Defendant had a reasonable opportunity to observe; and

(3) that the Defendant's acts were in or affected interstate commerce.

18 U.S.C. § 1591(a). The Government provided sufficient evidence for a reasonable trier of fact to find Defendant guilty beyond a reasonable doubt of count two. As to elements one and two, the Government presented testimony by the minor victim, audio recordings of Defendant's statements given to law enforcement, testimony of Jonathan Grantham (who engaged in the sex trafficking for which he was separately convicted), and voluminous other evidence that showed Defendant knowingly transported the minor victim across state lines for the purpose of engaging in commercial sex acts. The Government further showed Defendant knew the minor victim was under the age of eighteen, and that Defendant had a reasonable opportunity to observe the victim. Further, as to element three, the Government presented testimony that the minor victim crossed the state line between Georgia and South Carolina,

5

which affected interstate commerce. This evidence supports the Government meeting its burden of proof as to count two.

### 3. Count Three – Coercion and Enticement of a Minor to Engage in Sexual Activity

To prove coercion and enticement of a minor to engage in sexual activity, the Government had to prove beyond a reasonable doubt:

(1) the Defendant knowingly persuaded, induced, enticed, or coerced the Minor to engage in sexual activity, as charged;

(2) the Defendant used the internet to do so;

(3) when the Defendant did these acts, the Minor was less than 18 years old; and

(4) one or more of the individual(s) engaging in the sexual activity could have been charged with a criminal offense under the law of Georgia.

18 U.S.C. § 2422(b). The Government provided sufficient evidence for count three. As to element one, the Government introduced testimony of the minor victim that showed Defendant knowingly coerced her to engage in sexual activity. The Government also introduced other testimony, specifically that of Amanda Gunn, demonstrating that Defendant forced the minor victim to engage in commercial sex acts. As to element two, the minor victim provided extensive testimony describing the Defendant's use of the internet to coerce the minor victim to engage in commercial sex acts. Jonathan Grantham also testified as to how he contacted the minor victim to engage in sex acts, namely by use of internet websites,

6

and the Government presented evidence that Defendant was the operator of the internet accounts through which he committed sex trafficking of the minor victim. As to element three, as shown above, the Government proved the minor victim was younger than eighteen years old at the time. As to element four, the Government showed that Defendant's conduct could have been charged as a criminal offense under the law of Georgia – specifically, child molestation and other related offenses.

This evidence supports the Government meeting its burden of proof as to count three.

4. <u>Counts Four, Five, Six, and Seven – Production of Child Pornography by a Parent or Guardian</u>

To prove production of child pornography by a parent or guardian, the Government had to prove beyond a reasonable doubt:

(1) an actual minor, that is, a real person who was less than 18 years old, was depicted;

(2) the Defendant was a parent or legal guardian of the Minor;

(1) the Defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, e.g., video tape, of the conduct;

(2) either (a) the Defendant knew or had reason to know that the visual depiction, e.g., video tape, would be mailed or transported in interstate or foreign commerce; (b) the visual depiction, e.g., video tape, was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or (c) the visual depiction, e.g., video tape, was mailed or actually transported in interstate or foreign commerce.

7

18 U.S.C. § 2251(b). The Government provided sufficient evidence for counts four through seven. As to element one, the Government showed the minor victim was a real person under the age of eighteen at all relevant times. The minor victim testified in the case and is still under the age of eighteen. As to element two, the Government introduced the testimony of the minor victim and Amanda Gunn to demonstrate that defendant was the legal guardian of the minor victim at all relevant times. As to element three, the Government introduced voluminous evidence, including testimony by numerous law enforcement officials, photographic evidence, physical evidence, including an identifying piece of clothing owned by Defendant and present in a series of child pornography images, and testimony of the minor victim and Amanda Gunn, all of which showed Defendant coerced the minor to engage in sexually explicit conduct for the purpose of producing and distributing child pornography. As to element four, the Government introduced testimony and photographic evidence that Defendant shipped the visual depictions in interstate commerce via the internet, that the depictions were actually transported in interstate commerce, and that Defendant knew or had reason to know the same. This evidence supports the Government meeting its burden of proof as to counts four through seven.

    (5)   <u>Count Eight – Possession of Child Pornography (Visual Depiction of Actual Minor)</u>

To prove possession of child pornography (visual depiction of actual minor), the Government had to prove beyond a reasonable doubt:

(1) the Defendant knowingly possessed an item or items of child pornography;

(2) the item[s] of child pornography had been transported, shipped, or mailed in interstate or foreign commerce, including by computer; and

(3) when the Defendant possessed the item[s], the Defendant believed the item[s] were child pornography.

18 U.S.C. § 2252A(a)(5)(B). The Government provided sufficient evidence for count eight. As to element one, the Government showed Defendant possessed numerous items of child pornography by introducing forensic evidence relating to electronic devices belonging to Defendant which held child pornography, as well as forensic evidence tying child pornography to email addresses controlled by Defendant. As to element two, the Government introduced witness testimony by law enforcement officials in Texas that the items of child pornography at issue were transported across state lines from Georgia via computer. As to element three, the Government introduced testimony and evidence, including testimony by the minor victim and Amanda Gunn, that the Defendant knew the items were child pornography at all relevant times. This evidence supports the Government meeting its burden of proof as to count eight.

9

### 6. Count Nine – Obstruction of a Child Sex Trafficking Investigation

To prove obstruction of a sex trafficking investigation, the Government had to prove beyond a reasonable doubt:

(1) the Defendant knowingly obstructed or attempted to obstruct the enforcement of investigation; and

(2) the investigation related to 18 U.S.C. § 1591 (Sex Trafficking of a Child).

18 U.S.C. § 1591(d). Again, the Government provided sufficient evidence for count nine. As to element one, the Government introduced the complete audio recording of the statement Defendant gave to law enforcement in which he obfuscated his activities related to the above-described counts. The Government also provided evidence the Defendant destroyed a cellular phone filled with relevant evidence. This showed he obstructed an investigation into sex trafficking activity. Finally, as described above, element two is satisfied because one of the counts charged and investigated was related to 18 U.S.C. § 1591.

Based on this, a reasonable trier of fact could find the evidence established guilt beyond a reasonable doubt as to all counts, and Defendant's motion for acquittal is **DENIED**.

### III. MOTION FOR NEW TRIAL

**A. Legal Standard**

A motion for new trial must be granted "if the interest of justice so requires." FED. R. CRIM. P. 33(a). A court can set

10

aside a verdict and grant a new trial if it concludes that "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." United States v. Martinez, 763 F.2d 1297, 1313 (11th Cir. 1985) (citation omitted). Motions for new trial based on the weight of the evidence are not favored; the Eleventh Circuit directs that courts cautiously and sparingly grant them only in "really exceptional cases." Id. (citations and quotation marks omitted). Unlike a motion for judgment of acquittal, "the court need not view the evidence in the light most favorable to the verdict," and it may weigh the evidence and consider witnesses' credibility. Id. at 1312 (citations omitted). While the district court enjoys broad discretion, it may not "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." Id. at 1312-13 (citation omitted).

**B. Analysis**

Defendant moves for a new trial on all counts, arguing that "[e]ven if the evidence is found sufficient to sustain the verdict, it preponderates heavily against the verdict." (Doc. 256, at 4.) Defendant's main contention is that "[t]he testimony and exhibits from the Government offered proof that someone committed the crimes alleged and did not establish that it was the Defendant to the exclusion of every other reasonable hypothesis." (Id. at 3.) The Government argues this contention is without merit, and the Court agrees. (Doc. 259, at 5.)

11

From the Court's review of the record and its own recollection of the evidence presented at trial, the Court determines that Defendant fails to demonstrate that the evidence heavily preponderates against the jury's guilty verdict on counts one through nine. The Court finds no miscarriage of justice; therefore, the Court **DENIES** Defendant's motion for a new trial.

### IV. CONCLUSION

Based on the foregoing, the Defendant cannot show that the evidence at trial, viewed in the light most favorable to the Government, was insufficient to sustain a conviction. Accordingly, Defendant's motion for judgment of acquittal is **DENIED**. Similarly, none of the grounds set forth by Defendant require the Court to set aside the verdict and grant a new trial, so his motion for new trial is also **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of February, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA