APPEAL,CLOSED

# U.S. District Court
## Southern District of Georgia (Augusta)
## CRIMINAL DOCKET FOR CASE #: <u>1:20−cr−00014−JRH−BKE</u>−1

Case title: USA v. Gunn, et al.

Date Filed: 03/05/2020
Date Terminated: 05/25/2022

Assigned to: Chief Judge J. Randal Hall
Referred to: Magistrate Judge Brian K. Epps

**<u>Defendant (1)</u>**

**Michael Peyton Gunn**
*TERMINATED: 05/25/2022*

represented by **Shawn M. Merzlak**
Hawk Law Group
338 Telfair Street
Augusta, GA 30901
706−722−3500
Fax: 866−295−0234
Email: smerzlak@hawklawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| 18 U.S.C. § 1594(c) Sex Trafficking Conspiracy<br>(1s) | custody of the BOP for life to be served concurrently to all other counts; supervised release for life to be served concurrently all all other counts; $800,000 restitution; $100 special assessment |
| 18 U.S.C. § 1591(a) Sex Trafficking of a Child<br>(2s) | custody of the BOP for life to be served concurrently with all other counts; supervised release for life to be served concurrently with all other counts; $100 special assessment |
| 18 U.S.C. § 2422(b) Coercion and Enticement of a Child to Engage in Sexual Activity<br>(3s) | custody of the BOP for life to be served concurrently with all other counts; supervised release for life for be served concurrently with all other counts; $100 special assessment |
| 18 U.S.C. § 2251(b) Production of Child Pornography by a Parent or Guardian<br>(4s−7s) | 30 years custody BOP as to each of counts 4s−7s to be served concurrently; Supervised release for life as to each of counts 4s−7s to be served concurrently; $100 special assessment as to each of counts 4s−7s; and $100 AVAA special assessment as to each of counts 4s−7s |
| 18 U.S.C. § 2252A(a)(5)(B) Possession of Child Pornography | 20 years custody BOP to be served concurrently with all other counts; supervised release for life to be |

| | |
|---|---|
| (8s) | served concurrently with all other counts; $100 special assessment; $100 AVAA special assessment |
| 18 U.S.C. § 1591(d) Obstruction of a Child Sex Trafficking Investigation (9s) | 25 years custody BOP to be served concurrently with all other counts; supervised release for life to be served concurrently with all other counts; $100 special assessment |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18 U.S.C. § 2251(b) Production of Child Pornography by a Parent or Guardian (1–4) | DISMISSED |
| 18 U.S.C. § 2252A(a)(5)(B) Possession of Child Pornography (5) | DISMISSED |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Interested Party**

| | | |
|---|---|---|
| **Sheila Wahman**<br>*guardian ad litem* | represented by | **Sheila G. Wahman**<br>Wahman Law<br>3540 Wheeler Road<br>Suite 509<br>Augusta, GA 30909<br>706–736–3020<br>Fax: 706–736–3228<br>Email: sheila@wahmanlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Waived or Self (Pro Se)* |

---

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Tania D. Groover**<br>U.S. Attorney's Office – Savannah<br>P.O. Box 8970 |

22 Barnard Street, Suite 300
Savannah, GA 31401
912–201–2552
Fax: 912–652–4388
Email: tania.groover@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Tara M. Lyons**
U.S. Attorney's Office, SDGA
600 James Brown Blvd, Suite 200
Augusta, GA 30901
706–724–0517
Fax: 706–724–7728
Email: tara.lyons@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Bobby L. Christine**
U.S. Attorney's Office – Savannah
P.O. Box 8970
22 Barnard Street, Suite 300
Savannah, GA 31401
912–652–4422
Email: bobby.christine@usdoj.gov
*Designation: Retained*

**David H. Estes**
U.S. Attorney's Office–Savannah
22 Barnard St., Suite 300
P.O. Box 8970
Savannah, GA 31401
912–652–4422
Fax: 912–652–4326
Email: david.estes@usdoj.gov
*Designation: Retained*

**Karl Irving Knoche**
U.S. Attorney's Office – Savannah
P.O. Box 8970
22 Barnard Street, Suite 300
Savannah, GA 31401
912–652–4422
Fax: 912–652–4388
Email: karl.knoche@usdoj.gov
*Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/05/2020 | 2 | | |

| | | | |
|---|---|---|---|
| | | | INDICTMENT as to Michael Peyton Gunn (1) count(s) 1–4, 5. (pts) (Additional attachment(s) added on 3/5/2020: # 1 Sig Page) (pts). (Entered: 03/05/2020) |
| 03/05/2020 | 3 | | PENALTY CERTIFICATION by Government as to Michael Peyton Gunn. (pts) (Entered: 03/05/2020) |
| 03/05/2020 | 6 | | CJA 20 – TEXT ORDER for Appointment of Attorney Shawn Merzlak as to Michael Peyton Gunn. Signed by Magistrate Judge Brian K. Epps on 3/5/2020. (cjc) (Entered: 03/09/2020) |
| 03/05/2020 | 7 | | Notice to CJA Counsel: CJA Packet attached including Post–Conviction Obligations – CLICK HERE TO READ. (cjc) (Entered: 03/09/2020) |
| 03/09/2020 | 8 | | NOTICE OF HEARING as to Michael Peyton Gunn. Initial Appearance/Arraignment set for 3/11/2020 at 10:00 AM in Augusta – 1st Floor before Magistrate Judge Brian K. Epps. (cjc) (Entered: 03/09/2020) |
| 03/11/2020 | 9 | | Minute Entry for proceedings held before Magistrate Judge Brian K. Epps: Initial Appearance/Arraignment as to Michael Peyton Gunn held on 3/11/2020. Not guilty plea entered as to Counts 1–4,5. Defendant waives detention hearing. Defendant remanded to custody of USMS pending trial. (Court Reporter FTR.) (Attachments: # 1 Plea Sheet) (cjc) (Entered: 03/11/2020) |
| 03/11/2020 | 10 | | SCHEDULING ORDER – Ends of Justice Finding. Upon motion of counsel for the Defendant the Court finds that the ends of justice in granting an extension of time to prepare motions outweigh the best interest of the public and defendant in a speedy trial. Pretrial motions are to be filed within 42 days of the date of the arraignment held on 03/11/2020. The speedy trial clock is tolled during the period of this extension. Counsel shall file a separate motion for each relief sought and not file a consolidate motion. Motions due by 4/22/2020. Signed by Magistrate Judge Brian K. Epps on 03/11/2020. (thb) (Entered: 03/11/2020) |
| 03/11/2020 | 11 | | MOTION for Reciprocal Discovery by Tara M. Lyons as to Michael Peyton Gunn. Responses due by 3/25/2020. (Lyons, Tara) (Entered: 03/11/2020) |
| 03/11/2020 | 12 | | MOTION for Handwriting Exemplars by Tara M. Lyons as to Michael Peyton Gunn. Responses due by 3/25/2020. (Attachments: # 1 Text of Proposed Order)(Lyons, Tara) (Entered: 03/11/2020) |
| 03/11/2020 | 13 | | Amended MOTION for Handwriting Exemplars by Tara M. Lyons as to Michael Peyton Gunn. Responses due by 3/25/2020. (Attachments: # 1 Text of Proposed Order)(Lyons, Tara) (Entered: 03/11/2020) |
| 03/11/2020 | 14 | | MOTION for Notice of Alibi Defense *Government's First Demand* by Tara M. Lyons as to Michael Peyton Gunn. Responses due by 3/25/2020. (Lyons, Tara) (Entered: 03/11/2020) |
| 03/12/2020 | 15 | | DETENTION ORDER as to Michael Peyton Gunn. Defendant is committed to custody. Signed by Magistrate Judge Brian K. Epps on 03/12/2020. (thb) (Entered: 03/12/2020) |
| 03/12/2020 | | | MOTIONS as to Michael Peyton Gunn REFERRED to Magistrate Judge: 11 MOTION for Reciprocal Discovery , 12 MOTION for Handwriting Exemplars |

| | | |
|---|---|---|
| | | , 13 Amended MOTION for Handwriting Exemplars , 14 MOTION for Notice of Alibi Defense *Government's First Demand. (thb) (Entered: 03/12/2020)* |
| 03/13/2020 | 17 | ORDER granting in part 16 Sealed Motion as to Michael Peyton Gunn (1). Signed by Magistrate Judge Brian K. Epps on 03/13/2020. (maa) (Entered: 03/13/2020) |
| 03/13/2020 | 20 | REDACTION to 18 Application for Search Warrant filed by USA as to Michael Peyton Gunn. (Attachments: # 1 Redacted Affidavit)(maa) (Entered: 03/13/2020) |
| 03/18/2020 | 21 | Order (Ends of Justice finding pursuant to Standing Order in MC120–04). The period of delay resulting from this extension – March 17, 2020, through and including April 17, 2020 is excluded in computing the time within which the trial of this matter may commence. Signed by Chief Judge J. Randal Hall on 3/17/2020. (pts) (Entered: 03/18/2020) |
| 04/16/2020 | 22 | Order (Ends of Justice finding pursuant to Standing Order in MC120–008). The period of delay resulting from this extension – April 17, 2020, through and including May 31, 2020 is excluded in computing the time within which the trial of this matter may commence. Signed by Chief Judge J. Randal Hall on 4/16/2020. (pts) (Entered: 04/16/2020) |
| 04/28/2020 | 23 | Search Warrant Returned Executed on 03/19/2020 in case as to Michael Peyton Gunn. (thb) (Entered: 04/28/2020) |
| 04/30/2020 | 24 | ORDER as to Michael Peyton Gunn. The Court directs defense counsel and the government to file a joint status report by May 7, 2020, that states whether all pretrial motions have been satisfied or otherwise resolved. Joint Status Report due by 5/7/2020. Signed by Magistrate Judge Brian K. Epps on 04/30/2020. (thb) (Entered: 04/30/2020) |
| 05/08/2020 | 25 | STATUS REPORT *Joint* by USA as to Michael Peyton Gunn (Lyons, Tara) (Entered: 05/08/2020) |
| 05/12/2020 | 26 | NOTICE OF HEARING ON MOTIONS BY ELECTRONIC MEANS in case as to Michael Peyton Gunn re 13 Amended MOTION for Handwriting Exemplars, 14 MOTION for Notice of Alibi Defense *Government's First Demand*, and 12 MOTION for Handwriting Exemplars . Motion Hearing set for 5/15/2020 02:00 PM in AUG–MagVTC before Magistrate Judge Brian K. Epps. Counsel will receive dial in instructions by email. For public access to this hearing, please dial 888–273–3658, enter the call access code: 3971357 and then the hearing security code: 1234. (cjc) (Entered: 05/12/2020) |
| 05/12/2020 | 27 | ORDER FOR HEARING BY ELECTRONIC MEANS as to Michael Peyton Gunn. Upon consent of Defendant, the Court will hold the motion hearing via electronic means. Compliance due by 5/19/2020. Signed by Magistrate Judge Brian K. Epps on 05/12/2020. (Attachments: # 1 Defendant's Statement) (thb) (Entered: 05/12/2020) |
| 05/13/2020 | 28 | DEFENDANT'S STATEMENT regarding appearance via Electronic Means by Michael Peyton Gunn. Defendant does not consent to appearing via electronic means for the Motion Hearing hearing. (Merzlak, Shawn) (Entered: 05/13/2020) |
| 05/13/2020 | 29 | |

| | | | |
|---|---|---|---|
| | | | REPLY TO RESPONSE to Motion by Michael Peyton Gunn re 11 MOTION for Reciprocal Discovery (Merzlak, Shawn) (Entered: 05/13/2020) |
| 05/13/2020 | 30 | | REPLY TO RESPONSE to Motion by Michael Peyton Gunn re 14 MOTION for Notice of Alibi Defense *Government's First Demand* (Merzlak, Shawn) (Entered: 05/13/2020) |
| 05/13/2020 | 31 | | RESPONSE in Opposition by Michael Peyton Gunn re 12 MOTION for Handwriting Exemplars , 13 Amended MOTION for Handwriting Exemplars (Merzlak, Shawn) (Entered: 05/13/2020) |
| 05/13/2020 | | | Terminate Deadlines as to Michael Peyton Gunn. (thb) (Entered: 05/13/2020) |
| 05/13/2020 | 32 | | AMENDED/CORRECTED DEFENDANT'S STATEMENT regarding appearance via Electronic Means by Michael Peyton Gunn. Defendant does not consent to appearing via electronic means for the Motion Hearing hearing. (Merzlak, Shawn) Modified on 5/13/2020 (pts). (Entered: 05/13/2020) |
| 05/13/2020 | | | The Motion hearing set for 5/15/2020 at 2:00 PM is CANCELLED because Defendant refuses to consent to the hearing being held by electronic means 32 . Signed by Magistrate Judge Brian K. Epps on 5/13/2020. (cjc) (Entered: 05/13/2020) |
| 05/22/2020 | 33 | | ORDER (Ends of Justice finding pursuant to Standing Order in MC 120–012). The period of delay resulting from this extension – June 1, 2020 through and including June 30, 2020 – is excluded in computing the time within which the trial of this matter may commence as to Michael Peyton Gunn. Signed by Chief Judge J. Randal Hall on 05/21/2020. (jlh) (Entered: 05/22/2020) |
| 06/04/2020 | 34 | | ORDER granting 11 Motion for Reciprocal Discovery; finding as moot 12 Motion for Handwriting Exemplars; granting 13 Motion for Handwriting Exemplars; granting 14 Motion for Notice of Alibi Defense as to Michael Peyton Gunn (1). Signed by Magistrate Judge Brian K. Epps on 06/04/2020. (thb) (Entered: 06/04/2020) |
| 06/07/2020 | 35 | | MOTION for Leave to File *Late Pre–Trial Motion* by Tara M. Lyons as to Michael Peyton Gunn. Responses due by 6/21/2020. (Lyons, Tara) (Entered: 06/07/2020) |
| 06/07/2020 | 36 | | MOTION to Amend/Correct 2 Indictment by Tara M. Lyons as to Michael Peyton Gunn. Responses due by 6/21/2020. (Attachments: # 1 Exhibit Ex A, # 2 Exhibit Ex B, # 3 Text of Proposed Order)(Lyons, Tara) (Entered: 06/07/2020) |
| 06/08/2020 | | | MOTIONS as to Michael Peyton Gunn REFERRED to Magistrate Judge: 36 MOTION to Amend/Correct 2 Indictment, 35 MOTION for Leave to File *Late Pre–Trial Motion*. (thb) (Entered: 06/08/2020) |
| 06/10/2020 | 37 | | NOTICE *of Withdrawal* by USA re 14 MOTION for Notice of Alibi Defense *Government's First Demand* (Lyons, Tara) (Entered: 06/10/2020) |
| 06/16/2020 | 38 | | ORDER granting 35 Motion for Leave to File as to Michael Peyton Gunn (1); granting 36 Motion to Amend/Correct as to Michael Peyton Gunn (1). The government shall file a corrected indictment that fixes the scrivener's error as a stand–alone entry on the docket within seven days of this Order. Signed by Magistrate Judge Brian K. Epps on 06/16/2020. (maa) Modified on 6/16/2020 |

| | | | |
|---|---|---|---|
| | | | (jlh). (Entered: 06/16/2020) |
| 06/16/2020 | | | Set/Reset Deadlines as to Michael Peyton Gunn: Compliance due by 6/23/2020. (maa) (Entered: 06/16/2020) |
| 06/17/2020 | 39 | | NOTICE *of Intent to Introduce Other Act Evidence* by USA. (Lyons, Tara) Modified on 6/18/2020 (jlh). (Entered: 06/17/2020) |
| 06/18/2020 | 40 | | MOTION for Leave to File *Late Pretrial Motion* by Tara M. Lyons as to Michael Peyton Gunn. Responses due by 7/2/2020. (Lyons, Tara) (Entered: 06/18/2020) |
| 06/18/2020 | 41 | | AMENDED INDICTMENT by USA. (Lyons, Tara) Modified on 6/18/2020 (pts). (Entered: 06/18/2020) |
| 06/18/2020 | | | MOTIONS as to Michael Peyton Gunn REFERRED to Magistrate Judge: 40 MOTION for Leave to File *Late Pretrial Motion.* (pts) (Entered: 06/18/2020) |
| 06/26/2020 | | | Terminate Deadlines as to Michael Peyton Gunn. (thb) (Entered: 06/26/2020) |
| 06/26/2020 | 42 | | ORDER (Ends of Justice finding pursuant to Standing Order in MC 120–015). The period of delay resulting from this extension – July 1, 2020 through and including July 31, 2020 – is excluded in computing the time within which the trial of this matter may commence. Signed by Chief Judge J. Randal Hall on 6/26/20. (cmr) (Entered: 06/26/2020) |
| 07/14/2020 | 43 | | ORDER granting 40 Motion for Leave to File as to Michael Peyton Gunn (1). Signed by Magistrate Judge Brian K. Epps on 07/14/2020. (thb) (Entered: 07/14/2020) |
| 07/16/2020 | 44 | | ***Entered in Error*** Modified on 7/16/2020 (pts). (Entered: 07/16/2020) |
| 07/28/2020 | 45 | | ORDER TO CONTINUE – (Ends of Justice finding pursuant to Standing Order in MC 120–018). The period of delay resulting from this extension August 1, 2020 through and including September 30, 2020 – is excluded in computing the time within which the trial of this matter may commence. Signed by Chief Judge J. Randal Hall on 7/28/20. (cmr) (Entered: 07/28/2020) |
| 09/24/2020 | 46 | | ORDER (Ends of Justice finding pursuant to Standing Order in MC120–020). The period of delay resulting from this extension – October 1, 2020, through and including November 30, 2020 – is excluded in computing the time within which the trial of this matter may commence. Signed by Chief Judge J. Randal Hall on 09/24/2020. (thb) (Entered: 09/24/2020) |
| 09/25/2020 | 47 | | MOTION for Leave of Absence as to Michael Peyton Gunn for dates of : 10/1–10/2, 10/9, 10/15–10–16, 11/2, 11/5–11/9. Responses due by 10/9/2020. (Merzlak, Shawn) (Entered: 09/25/2020) |
| 11/11/2020 | 48 | | STANDING ORDER MC120–21 in re The National Emergency Declared on March 13, 2020: Second Renewal of CARES Act Order. The authorizations contained in the Court's March 30, 2020 General Order MC120–05, and renewed on June 20, 2020 (MC120–014) are hereby renewed. This authority is effective for ninety days unless otherwise ordered. Signed by Chief Judge J. Randal Hall on September 24, 2020. (en) (Entered: 11/11/2020) |
| 11/30/2020 | 51 | | ORDER (Ends of Justice finding pursuant to Standing Order in MC120–027). The period of delay resulting from this extension – December 1, 2020, through |

| | | | |
|---|---|---|---|
| | | | and including January 31, 2021 – is excluded in computing the time within which the trial of this matter may commence. Signed by Chief Judge J. Randal Hall on 11/30/2020. (maa) (Entered: 12/01/2020) |
| 12/18/2020 | 60 | | First MOTION for Leave of Absence as to Michael Peyton Gunn for dates of : 12/28/2020, 1/142021–1/19/2021, 2/11/2021–2/12/2021, 4/5/2021–4/12/2021, 4/29/2021–4/30/2021, 7/23/2021–8/2/2021, 11/4/2021–11/8/2021. Responses due by 1/1/2021. (Merzlak, Shawn) (Entered: 12/18/2020) |
| 12/21/2020 | 65 | | ORDER granting 60 Motion for Leave of Absence as to Michael Peyton Gunn (1) for Shawn M. Merzlak for the following periods: December 28, 2020; January 14, 2021 through January 19, 2021; February 11, 2021 through February 12, 2021; April 5, 2021 through April 12, 2021; April 29, 2021 through April 30, 2021; July 23, 2021 through August 2, 2021; November 4, 2021 through November 8, 2021. Signed by Chief Judge J. Randal Hall on 12/21/2020. (thb) (Entered: 12/21/2020) |
| 12/22/2020 | 70 | | NOTICE OF STANDING ORDER MC120–29 in re The National Emergency Declared on March 13, 2020: Third Renewal of the CARES Act Order. The authorizations contained in the Court's March 30, 2020 General Order (MC120–005), and renewed on June 20, 2020 (MC120–014) and September 24, 2020 (MC120–021) are hereby renewed. This authority is effective for ninety days unless otherwise ordered.Signed by Chief Judge J. Randal Hall on 12/21/20. (cmr) (Entered: 12/22/2020) |
| 02/01/2021 | 129 | | ORDER (Ends of Justice finding pursuant to Standing Order in MC121–004). The period of delay resulting from this extension February 1, 2021, through and including March 31, 2021 – is excluded in computing the time within which the trial of this matter may commence. Signed by Chief Judge J. Randal Hall on 02/01/2021. (thb) (Entered: 02/01/2021) |
| 03/03/2021 | 151 | | SEALED MOTION by USA. REFERRED to Judge Brian K. Epps.(pts) (Entered: 03/09/2021) |
| 03/03/2021 | 152 | | ORDER granting 151 Sealed Motion as to Michael Peyton Gunn (1), Amanda Gunn (2). Signed by Magistrate Judge Brian K. Epps on 3/3/2021. (pts) (Entered: 03/09/2021) |
| 03/03/2021 | 153 | | SEALED SUPERSEDING INDICTMENT as to Michael Peyton Gunn (1) count(s) 1s, 2s, 3s, 4s–7s, 8s, 9s, Amanda Gunn (2) count(s) 1, 9. (Attachments: # 1 Sig Page) (pts) (Entered: 03/09/2021) |
| 03/03/2021 | 154 | | SUPERSEDING PENALTY CERTIFICATION by Government as to All Defendants. (pts) (Entered: 03/09/2021) |
| 03/09/2021 | 157 | | MOTION to Unseal Indictment and related papers by USA. REFERRED to Judge Brian K. Epps.(pts) (Entered: 03/09/2021) |
| 03/09/2021 | 158 | | ORDER granting 157 Motion to Unseal Case as to Michael Peyton Gunn (1), Amanda Gunn (2). Signed by Magistrate Judge Brian K. Epps on 3/9/2021. (pts) (Entered: 03/09/2021) |
| 03/10/2021 | 166 | | NOTICE OF HEARING BY ELECTRONIC MEANS as to Michael Peyton Gunn. Initial Appearance/Arraignment–superseding indictment set for 3/11/2021 at 01:00 PM in AUG–MagVTC before Magistrate Judge Brian K. Epps. Counsel will receive dial in instructions by email. For public access to |

| | | | |
|---|---|---|---|
| | | | this hearing, please dial 888–273–3658, enter the call access code: 3971357 and then the hearing security code: 1234.(cjc) (Entered: 03/10/2021) |
| 03/10/2021 | 167 | | DEFENDANT'S STATEMENT regarding appearance via Electronic Means by Michael Peyton Gunn, Amanda Gunn. Defendant consents to appearing via electronic means for the Initial Appearance/Arraignment hearing. (Merzlak, Shawn) (Entered: 03/10/2021) |
| 03/11/2021 | | | Set/Reset Hearings as to Michael Peyton Gunn: Initial Appearance/Arraignment–superseding indictment has been RESCHEDULED for 3/12/2021 at 10:30 AM in AUG–MagVTC before Magistrate Judge Brian K. Epps. Counsel will receive dial in instructions by email. For public access to this hearing, please dial 888–273–3658, enter the call access code: 3971357 and then the hearing security code: 1234. (cjc) (Entered: 03/11/2021) |
| 03/12/2021 | 173 | | Minute Entry for proceedings held by electronic means before Magistrate Judge Brian K. Epps: Initial Appearance/Arraignment – superseding indictment as to Michael Peyton Gunn held by video teleconference on 3/12/2021. Defendant consents to proceed by video teleconference. Not guilty plea entered as to Counts 1s, 1–4, 2s, 3s, 4s–7s, 5, 8s, 9s. Defendant remanded to custody of USMS pending trial. (Court Reporter FTR.) (cjc) (Entered: 03/12/2021) |
| 03/15/2021 | 174 | | SCHEDULING ORDER granting an extension of time to file pretrial motions as to Michael Peyton Gunn, Amanda Gunn. Motions due by 5/10/2021. Counsel shall file a separate motion for each relief sought and not file a consolidated motion. The period of delay resulting from this extension – March 9, 2021, through and including May 10, 2021 – is excluded in computing the time within which the trial of this matter may commence. ORDER re Federal Rule of Criminal Procedure 5(f)(1) confirming the disclosure obligation of the prosecutor under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Signed by Magistrate Judge Brian K. Epps on 3/15/2021. (maa) (Entered: 03/15/2021) |
| 03/18/2021 | 176 | | MOTION Appointment of Guardian Ad Litem *for Minor Victim One* by Tara M. Lyons as to Michael Peyton Gunn, Amanda Gunn. Responses due by 4/1/2021. (Attachments: # 1 Text of Proposed Order)(Lyons, Tara) (Entered: 03/18/2021) |
| 03/18/2021 | 180 | | NOTICE OF STANDING ORDER MC121–10 in re The National Emergency Declared on March 13, 2020: Fourth Renewal of the CARES Act Order. The authorizations contained in the Court's March 30, 2020 General Order (MC120–005), and renewed on June 20, 2020 (MC120–014), September 24, 2020 (MC120–021) and December 21, 2020 (MC120–029) are hereby renewed. This authority is effective for ninety days unless otherwise ordered.Signed by Chief Judge J. Randal Hall on 3/18/2021. (pts) (Entered: 03/23/2021) |
| 03/19/2021 | | | MOTIONS as to Michael Peyton Gunn, Amanda Gunn REFERRED to Magistrate Judge: 176 MOTION Appointment of Guardian Ad Litem *for Minor Victim One*. (JH) (Entered: 03/19/2021) |
| 03/19/2021 | 177 | | MOTION for Leave of Absence as to USA for dates of : June 19, 2021 through July 3, 2021 and July 18, 2021 through July 24, 2021 by on behalf of USA. Responses due by 4/2/2021. (Attachments: # 1 Text of Proposed |

| | | | |
|---|---|---|---|
| | | | Order)(Lyons, Tara) (Entered: 03/19/2021) |
| 03/19/2021 | | | MOTIONS as to Michael Peyton Gunn, Amanda Gunn REFERRED to Magistrate Judge: 176 MOTION Appointment of Guardian Ad Litem *for Minor Victim One*, 177 MOTION for Leave of Absence as to USA for dates of : June 19, 2021 through July 3, 2021 and July 18, 2021 through July 24, 2021. (cmr) (Entered: 03/19/2021) |
| 03/22/2021 | | | Motions No Longer Referred as to Michael Peyton Gunn, Amanda Gunn: 177 MOTION for Leave of Absence as to USA for dates of : June 19, 2021 through July 3, 2021 and July 18, 2021 through July 24, 2021. (pts) (Entered: 03/22/2021) |
| 03/22/2021 | 178 | | ORDER denying 176 Motion as to Michael Peyton Gunn (1), Amanda Gunn (2). Signed by Magistrate Judge Brian K. Epps on 3/22/21. (wwp) (Entered: 03/22/2021) |
| 03/22/2021 | 179 | | ORDER granting 177 Motion for Leave of Absence for AUSA Tara M. Lyons as to Michael Peyton Gunn (1) and Amanda Gunn (2) for the following periods: June 19, 2021 through July 3, 2021 and July 18, 2021 through July 24, 2021. Signed by Chief Judge J. Randal Hall on 03/22/2021. (jlh) (Entered: 03/22/2021) |
| 03/31/2021 | 181 | | MOTION Appointment of a GAL by Tara M. Lyons as to Michael Peyton Gunn, Amanda Gunn. Responses due by 4/14/2021. (Attachments: # 1 Text of Proposed Order)(Lyons, Tara) (Entered: 03/31/2021) |
| 03/31/2021 | | | MOTIONS as to Michael Peyton Gunn, Amanda Gunn REFERRED to Magistrate Judge: 181 MOTION Appointment of a GAL. (thb) (Entered: 03/31/2021) |
| 03/31/2021 | | | MOTIONS as to Michael Peyton Gunn REFERRED to Magistrate Judge: 181 MOTION Appointment of a GAL . (cmr) (Entered: 03/31/2021) |
| 03/31/2021 | 182 | | ORDER (Ends of Justice finding pursuant to Standing Order in MC 121–014). The period of delay resulting from this extension – April 1, 2021 through and including May 31, 2021 – is excluded in computing the time within which the trial of this matter may commence as to Michael Peyton Gunn and Amanda Gunn. Signed by Chief Judge J. Randal Hall on 03/31/2021. (jlh) (Entered: 04/01/2021) |
| 04/01/2021 | 183 | | ORDER granting 181 Motion to appoint Sheila Wahman guardian ad litem as to Michael Peyton Gunn (1), Amanda Gunn (2). Signed by Magistrate Judge Brian K. Epps on 4/1/21. (wwp) (Entered: 04/01/2021) |
| 04/03/2021 | 184 | | Consent MOTION to Amend/Correct 154 Penalty Certification, 153 Indictment (Sealed) by Tara M. Lyons as to Michael Peyton Gunn, Amanda Gunn. Responses due by 4/17/2021. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Lyons, Tara) Modified on 4/5/2021 (thb). (Entered: 04/03/2021) |
| 04/05/2021 | | | MOTIONS as to Michael Peyton Gunn, Amanda Gunn REFERRED to Magistrate Judge: 184 Consent MOTION to Amend/Correct 154 Penalty Certification, 153 Indictment (Sealed). (thb) (Entered: 04/05/2021) |
| 04/13/2021 | 185 | | |

| | | |
|---|---|---|
| | | ORDER granting the Government's 184 Motion to Amend Defendant's Name and Court Documents as to Michael Peyton Gunn (1), Amanda Gunn (2). The Court directs the Clerk to update Defendant Amanda Gunn's name on the docket as it appears on the caption of this Order. Signed by Judge Brian K. Epps on 4/13/2021. (ca) Modified on 4/13/2021 (ca). (Entered: 04/13/2021) |
| 04/13/2021 | | Set/Reset Deadlines as to Michael Peyton Gunn, Amanda Gunn: Compliance due by 4/20/2021. (thb) (Entered: 04/13/2021) |
| 04/14/2021 | 186 | AMENDED INDICTMENT by USA as to Michael Peyton Gunn, Amanda Gunn. (pts) (Entered: 04/14/2021) |
| 04/14/2021 | 187 | AMENDED PENALTY CERTIFICATION by Government as to All Defendants. (pts) (Entered: 04/14/2021) |
| 04/14/2021 | | Terminate Deadlines as to Michael Peyton Gunn, Amanda Gunn. (pts) (Entered: 04/14/2021) |
| 04/15/2021 | 188 | CERTIFICATE OF DISCLOSURE by USA as to Michael Peyton Gunn, Amanda Gunn (Attachments: # 1 Exhibit A (Index))(Lyons, Tara) (Entered: 04/15/2021) |
| 04/20/2021 | 189 | CERTIFICATE OF DISCLOSURE by USA as to Michael Peyton Gunn, Amanda Gunn (Attachments: # 1 (Exhibit A) Index)(Lyons, Tara) (Entered: 04/20/2021) |
| 05/11/2021 | 199 | ORDER granting 190 Motion for Extension of Time as to Amanda Gunn (2). The Court will apply the extension to both Defendants. Pretrial motions due by 05/24/2021. The period of delay resulting from this extension has already been excluded in computing the time within which the trial of this matter must commence. Signed by Magistrate Judge Brian K. Epps on 05/11/2021. (jlh) (Entered: 05/11/2021) |
| 05/11/2021 | | Set/Reset Deadlines as to Michael Peyton Gunn and Amanda Gunn: Motions due by 5/24/2021. (jlh) (Entered: 05/11/2021) |
| 06/02/2021 | 203 | ORDER: Before the Court are various pretrial discovery motions as to Michael Peyton Gunn, Amanda Gunn. The Court directs defense counsel and the government to file a joint status report by June 9, 2021. (Status Report due by 6/9/2021.) Signed by Magistrate Judge Brian K. Epps on 6/2/2021. (ca) (Entered: 06/02/2021) |
| 06/09/2021 | 204 | STATUS REPORT *Joint Status Report* by USA as to Michael Peyton Gunn, Amanda Gunn (Lyons, Tara) (Entered: 06/09/2021) |
| 07/13/2021 | 207 | NOTICE OF HEARING as to Michael Peyton Gunn, Amanda Gunn. Jury Selection and Trial set for 8/30/2021 09:00 AM in Augusta – 2nd Floor before Chief Judge J. Randal Hall. (lcw) (Entered: 07/13/2021) |
| 07/13/2021 | 208 | NOTICE OF HEARING as to Michael Peyton Gunn, Amanda Gunn. Pretrial Conference set for 8/26/2021 10:00 AM in Augusta – 2nd Floor before Chief Judge J. Randal Hall. Proposed voir dire and requests to charge are due seven (7) days prior to pretrial conference.(lcw) (Entered: 07/13/2021) |
| 07/15/2021 | 209 | Joint MOTION to Continue *JURY SELECTION & TRIAL* by Tara M. Lyons as to Michael Peyton Gunn, Amanda Gunn. Responses due by 7/29/2021. |

| | | | |
|---|---|---|---|
| | | | (Attachments: # 1 Proposed Order)(Lyons, Tara) (Entered: 07/15/2021) |
| 07/16/2021 | 210 | | ORDER granting 209 Motion to Continue as to Michael Peyton Gunn (1), Amanda Gunn (2). Jury Selection and Trial are continued until Monday, November 15, 2021, at 9:00a.m. The time between the making of the motion and the new hearing date are excluded from time calculation under the Speedy Trial Act. Signed by Chief Judge J. Randal Hall on 7/16/2021. (pts) (Entered: 07/16/2021) |
| 07/16/2021 | | | Set/Reset Hearings as to Michael Peyton Gunn, Amanda Gunn: Jury Selection and Trial set for 11/15/2021 09:00 AM in Augusta – 2nd Floor before Chief Judge J. Randal Hall. (pts) (Entered: 07/16/2021) |
| 07/16/2021 | | | Terminate Deadline for Jury Selection set for 8/30/21 as to Michael Peyton Gunn, Amanda Gunn. (slt) (Entered: 07/16/2021) |
| 08/09/2021 | | | NOTICE OF STANDING ORDER MC121–23 in re The National Emergency Declared on March 13, 2020: Fifth Renewal of the CARES Act Order. The authorizations contained in the Court's March 30, 2020 General Order (MC120–005), and renewed on June 20, 2020 (MC120–014), September 24, 2020 (MC120–021), December 21, 2020 (MC120–029), and March 18, 2021 (MC121–10) are hereby renewed. This authority is effective for ninety days unless otherwise ordered. (Click Here to View)Signed by Chief Judge J. Randal Hall on 8/6/2021. (pts) (Entered: 08/09/2021) |
| 09/13/2021 | 211 | | NOTICE of Expert Testimony by USA (Lyons, Tara) (Entered: 09/13/2021) |
| 09/13/2021 | 212 | | CERTIFICATE OF DISCLOSURE by USA as to Michael Peyton Gunn, Amanda Gunn (Attachments: # 1 Index – Exhibit A)(Lyons, Tara) (Entered: 09/13/2021) |
| 09/14/2021 | 213 | | NOTICE OF HEARING as to Michael Peyton Gunn, Amanda Gunn. Pretrial Conference set for 11/4/2021 10:00 AM in Augusta – 2nd Floor before Chief Judge J. Randal Hall. (lcw) (Entered: 09/14/2021) |
| 09/23/2021 | 218 | | CERTIFICATE OF DISCLOSURE by USA as to Michael Peyton Gunn, Amanda Gunn (Attachments: # 1 Index – Exhibit A)(Lyons, Tara) (Entered: 09/23/2021) |
| 09/27/2021 | 219 | | MOTION for Disclosure by USA. REFERRED to Judge Brian K. Epps.(pts) (Entered: 09/27/2021) |
| 09/27/2021 | 220 | | ORDER granting 219 Motion for Disclosure as to Michael Peyton Gunn (1), Amanda Gunn (2). Signed by Magistrate Judge Brian K. Epps on 9/27/2021. (pts) (Entered: 09/27/2021) |
| 10/07/2021 | 221 | | CERTIFICATE OF DISCLOSURE by USA as to Michael Peyton Gunn, Amanda Gunn (Attachments: # 1 Index – Exhibit A)(Lyons, Tara) (Entered: 10/07/2021) |
| 10/08/2021 | 222 | | ******* MOTION to Accommodate and Protect Child Witness by Tara M. Lyons as to Michael Peyton Gunn, Amanda Gunn. Responses due by 10/22/2021. (Lyons, Tara) (Entered: 10/08/2021) |
| 10/09/2021 | 223 | | Proposed Voir Dire by USA as to Michael Peyton Gunn, Amanda Gunn (Lyons, Tara) (Entered: 10/09/2021) |

| 10/20/2021 | 224 | | CERTIFICATE OF DISCLOSURE by USA as to Michael Peyton Gunn, Amanda Gunn (Attachments: # 1 Index – Exhibit A)(Lyons, Tara) (Entered: 10/20/2021) |
|---|---|---|---|
| 10/25/2021 | 225 | | Proposed Voir Dire by Michael Peyton Gunn as to Michael Peyton Gunn, Amanda Gunn (Merzlak, Shawn) (Entered: 10/25/2021) |
| 10/29/2021 | 226 | | CERTIFICATE OF DISCLOSURE by USA as to Michael Peyton Gunn, Amanda Gunn (Attachments: # 1 Index – Exhibit A)(Lyons, Tara) (Entered: 10/29/2021) |
| 10/29/2021 | 227 | | Request to Charge by USA as to Michael Peyton Gunn, Amanda Gunn (Lyons, Tara) (Entered: 10/29/2021) |
| 11/04/2021 | | | Minute Entry for proceedings held before Chief Judge J. Randal Hall: Pretrial Conference as to Michael Peyton Gunn, Amanda Gunn held on 11/4/2021. (Court Reporter Lisa Davenport.) (lcw) (Entered: 11/19/2021) |
| 11/05/2021 | 235 | | CERTIFICATE OF DISCLOSURE by USA as to Michael Peyton Gunn, Amanda Gunn (Attachments: # 1 Index – Exhibit A)(Lyons, Tara) (Entered: 11/05/2021) |
| 11/06/2021 | 236 | | MOTION PROVIDE TWO–WAY CLOSED–CIRCUIT TESTIMONY FOR THE MINOR VICTIM by Tara M. Lyons as to Michael Peyton Gunn. Responses due by 11/20/2021. (Attachments: # 1 Text of Proposed Order)(Lyons, Tara) (Entered: 11/06/2021) |
| 11/07/2021 | 237 | | CERTIFICATE OF DISCLOSURE by USA as to Michael Peyton Gunn, Amanda Gunn (Attachments: # 1 Index – Exhibit A)(Lyons, Tara) (Entered: 11/07/2021) |
| 11/08/2021 | 238 | | Request to Charge by Michael Peyton Gunn (Merzlak, Shawn) (Entered: 11/08/2021) |
| 11/10/2021 | 239 | | CERTIFICATE OF DISCLOSURE by USA as to Michael Peyton Gunn, Amanda Gunn (Attachments: # 1 Index – Exhibit A)(Lyons, Tara) (Entered: 11/10/2021) |
| 11/15/2021 | | | Minute Entry for proceedings held before Chief Judge J. Randal Hall: Voir Dire begun on 11/15/2021 Michael Peyton Gunn (1) on Count 1s,2s,3s,4s–7s,8s,9s (Court Reporter Lisa Davenport.) (lcw) (Entered: 11/19/2021) |
| 11/15/2021 | 241 | | Minute Entry for proceedings held before Chief Judge J. Randal Hall: Voir Dire held on 11/15/2021 as to Michael Peyton Gunn, Jury Selection as to Michael Peyton Gunn held on 11/15/2021, Jury Trial as to Michael Peyton Gunn held on 11/15/2021 (Court Reporter Lisa Davenport.) (lcw) (Entered: 11/19/2021) |
| 11/16/2021 | 242 | | Minute Entry for proceedings held before Chief Judge J. Randal Hall: Jury Trial as to Michael Peyton Gunn held on 11/16/2021 (Court Reporter Lisa Davenport.) (lcw) (Entered: 11/19/2021) |
| 11/17/2021 | 243 | | Minute Entry for proceedings held before Chief Judge J. Randal Hall: Jury Trial as to Michael Peyton Gunn held on 11/17/2021 (Court Reporter Lisa Davenport.) (lcw) (Entered: 11/19/2021) |

| 11/18/2021 | 240 | | ORDER extending the term of service for the jurors who sat in this matter, including alternate jurors, until May 18, 2022 as to Michael Peyton Gunn. Signed by Chief Judge J. Randal Hall on 11/18/2021. (maa) (Entered: 11/18/2021) |
|---|---|---|---|
| 11/18/2021 | 244 | | Minute Entry for proceedings held before Chief Judge J. Randal Hall: Jury Trial as to Michael Peyton Gunn held on 11/18/2021. Jury returns verdict of Guilty on all Counts. Def is remanded to custody of USMS pending sentencing. (Court Reporter Lisa Davenport.) (lcw) (Entered: 11/19/2021) |
| 11/19/2021 | 245 | | Jury List as to Michael Peyton Gunn (lcw) (Entered: 11/19/2021) |
| 11/19/2021 | 246 | | Jury Strike Sheet as to Michael Peyton Gunn (lcw) (Entered: 11/19/2021) |
| 11/19/2021 | 247 | | Jury Impaneled as to Michael Peyton Gunn (lcw) (Entered: 11/19/2021) |
| 11/19/2021 | 248 | | WITNESS LIST by USA as to Michael Peyton Gunn (lcw) (Entered: 11/19/2021) |
| 11/19/2021 | 249 | | EXHIBIT LIST by USA as to Michael Peyton Gunn (lcw) (Entered: 11/19/2021) |
| 11/19/2021 | 250 | | EXHIBIT LIST by Michael Peyton Gunn (lcw) (Entered: 11/19/2021) |
| 11/19/2021 | 251 | | EXHIBIT RECORD as to Michael Peyton Gunn (lcw) (Entered: 11/19/2021) |
| 11/19/2021 | 252 | | Jury Charges as to Michael Peyton Gunn (lcw) (Entered: 11/19/2021) |
| 11/19/2021 | 254 | | JURY VERDICT as to Michael Peyton Gunn (1) Guilty on Count 1s,2s,3s,4s−7s,8s,9s. (lcw) (Additional attachment(s) added on 11/19/2021: # 1 Supplement Unredacted) (lcw). (Entered: 11/19/2021) |
| 11/19/2021 | 255 | | Jury Note and Response as to Michael Peyton Gunn (lcw) (Entered: 11/19/2021) |
| 11/30/2021 | 256 | | ******* MOTION for Acquittal *, or in the Alternative*, MOTION for New Trial by Shawn M. Merzlak as to Michael Peyton Gunn. Responses due by 12/14/2021. (Merzlak, Shawn) (Entered: 11/30/2021) |
| 12/14/2021 | 257 | | MOTION for Extension of Time to File Response/Reply as to 256 MOTION for Acquittal *, or in the Alternative* MOTION for New Trial by Tara M. Lyons as to Michael Peyton Gunn. Responses due by 12/28/2021. (Attachments: # 1 Text of Proposed Order)(Lyons, Tara) (Entered: 12/14/2021) |
| 12/20/2021 | | | NOTICE OF STANDING ORDER MC121−27 in re The National Emergency Declared on March 13, 2020: Sixth Renewal of the CARES Act Order. The authorizations contained in the Court's March 30, 2020 General Order (MC120−005), and renewed on June 20, 2020 (MC120−014), September 24, 2020 (MC120−021), December 21, 2020 (MC120−029), March 18, 2021 (MC121−10), and June 17, 2021 (MC121−23) are hereby renewed. This authority is effective for ninety days unless otherwise ordered. (Click Here to View)Signed by Chief Judge J. Randal Hall on 9/14/2021. (pts) (Entered: 12/20/2021) |
| 12/21/2021 | | | NOTICE OF STANDING ORDER MC121−35 in re The National Emergency Declared on March 13, 2020: Seventh Renewal of the CARES Act Order. The authorizations contained in the Court's March 30, 2020 General Order |

| | | | |
|---|---|---|---|
| | | | (MC120−005), and renewed on June 20, 2020 (MC120−014), September 24, 2020 (MC120−021), December 21, 2020 (MC120−029), March 18, 2021 (MC121−10), June 17, 2021 (MC121−23), and September 14, 2021 (MC121−27) are hereby renewed. This authority is effective for ninety days unless otherwise ordered. (Click Here to View)Signed by Chief Judge J. Randal Hall on 12/9/2021. (pts) (Entered: 12/21/2021) |
| 12/22/2021 | 258 | | ORDER granting 257 Motion for Extension of Time to File Response as to Michael Peyton Gunn (1). The period of delay resulting from this extension – December 14, 2021, through and including December 28, 2021 – is excluded in computing the time within which the trial of this matter may commence. Signed by Chief Judge J. Randal Hall on 12/22/2021. (maa) (Entered: 12/22/2021) |
| 12/22/2021 | | | Set/Reset Deadlines re 256 MOTION for Acquittal , *or in the Alternative* MOTION for New Trial : Responses due by 12/28/2021. (maa) (Entered: 12/22/2021) |
| 12/23/2021 | 259 | | RESPONSE in Opposition by USA as to Michael Peyton Gunn re 256 MOTION for Acquittal , *or in the Alternative* MOTION for New Trial (Lyons, Tara) (Entered: 12/23/2021) |
| 01/07/2022 | 260 | | MOTION FOR PROTECTION DURING CRIMINAL TRIAL by Tara M. Lyons as to Michael Peyton Gunn, Amanda Gunn. Responses due by 1/21/2022. (Attachments: # 1 Proposed Order)(Lyons, Tara) (Entered: 01/07/2022) |
| 01/12/2022 | 261 | | ORDER granting the Government's 260 Motion for Protection during Criminal Trial for dates: January 20, 2022 through and including February 25, 2022, as to Michael Peyton Gunn (1), Amanda Gunn (2). Signed by Chief Judge J. Randal Hall on 1/12/2022. (ca) (Entered: 01/12/2022) |
| 01/27/2022 | 263 | | NOTICE *GOVERNMENTS REQUEST/MOTION FOR ADDITIONAL TIME TO RESPOND TO PRESENTENCE INVESTIGATION REPORT* by USA. (Attachments: # 1 Proposed Order)(Lyons, Tara) Modified on 1/27/2022 (thb). (Entered: 01/27/2022) |
| 01/27/2022 | 265 | | NOTICE of Filing Deficiency re 263 Notice, 264 Notice. (thb) (Entered: 01/27/2022) |
| 01/27/2022 | 267 | | ORDER granting 263 Motion for Extension of Time to File Response/Reply as to Michael Peyton Gunn (1). Government's objections to Presentence Investigation Report due 3/11/2022. Signed by Chief Judge J. Randal Hall on 1/27/2022. (pts) (Entered: 01/27/2022) |
| 01/28/2022 | | | Set/Reset Deadlines as to Michael Peyton Gunn: Government's objections to the Presentence Investigation Report due by 3/11/2022. (thb) (Entered: 01/28/2022) |
| 02/04/2022 | 268 | | MOTION for Protective Order by Tara M. Lyons as to Michael Peyton Gunn, Amanda Gunn. Responses due by 2/18/2022. (Attachments: # 1 Text of Proposed Order)(Lyons, Tara) (Entered: 02/04/2022) |
| 02/04/2022 | 269 | | ORDER granting 268 Motion for Leave of Absence for AUSA Tara M. Lyons as to Michael Peyton Gunn (1), Amanda Gunn (2) for the following periods: April 4, 2022 through April 8, 2022. Signed by Chief Judge J. Randal Hall on |

| | | | |
|---|---|---|---|
| | | | 02/04/2022. (jlh) (Entered: 02/04/2022) |
| 02/16/2022 | 270 | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of the testimony of Amanda Gunn in jury trial proceedings as to Michael Peyton Gunn held on 11/16/2021, before Judge JRH. Court Reporter/Transcriber Lisa Davenport, Telephone number 706–823–6468. Tape Number: FTR. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. (Transcript Redaction Policy Issued or Click here to view Transcript Redaction Policy) Redaction Request due 3/9/2022. Redacted Transcript Deadline set for 3/19/2022. Release of Transcript Restriction set for 5/17/2022. (Davenport, Lisa) (Entered: 02/16/2022) |
| 02/16/2022 | 271 | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of the testimony of Jill Gunn in jury trial proceedings as to Michael Peyton Gunn held on 11/16/2021, before Judge JRH. Court Reporter/Transcriber Lisa Davenport, Telephone number 706–823–6468. Tape Number: FTR. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. (Transcript Redaction Policy Issued or Click here to view Transcript Redaction Policy) Redaction Request due 3/9/2022. Redacted Transcript Deadline set for 3/19/2022. Release of Transcript Restriction set for 5/17/2022. (Davenport, Lisa) (Entered: 02/16/2022) |
| 02/16/2022 | 272 | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of the testimony of Michael H. Gunn in jury trial proceedings as to Michael Peyton Gunn held on 11/16/2021, before Judge JRH. Court Reporter/Transcriber Lisa Davenport, Telephone number 706–823–6468. Tape Number: FTR. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. (Transcript Redaction Policy Issued or Click here to view Transcript Redaction Policy) Redaction Request due 3/9/2022. Redacted Transcript Deadline set for 3/19/2022. Release of Transcript Restriction set for 5/17/2022. (Davenport, Lisa) (Entered: 02/16/2022) |
| 02/16/2022 | 273 | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of the testimony of Jonathan Grantham in jury trial proceedings as to Michael Peyton Gunn held on 11/17/2021, before Judge JRH. Court Reporter/Transcriber Lisa Davenport, Telephone number 706–823–6468. Tape Number: FTR. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. (Transcript Redaction Policy Issued or Click here to view Transcript Redaction Policy) Redaction Request due 3/9/2022. Redacted Transcript Deadline set for 3/19/2022. Release of Transcript Restriction set for 5/17/2022. (Davenport, Lisa) (Entered: 02/16/2022) |
| 02/23/2022 | 274 | | ORDER denying Defendant's 256 Motions as to Michael Peyton Gunn (1). Signed by Chief Judge J. Randal Hall on 2/23/2022. (csr) (Entered: 02/23/2022) |
| 02/28/2022 | 275 | | |

| | | | |
|---|---|---|---|
| | | | Initial Presentence Investigation Report as to Michael Peyton Gunn (USPO) (Entered: 02/28/2022) |
| 03/04/2022 | 276 | | MOTION for Leave of Absence as to USA for dates of : April 4, 2022 through and including April 8, 2022 and June 13, 2022 through and including June 17, 2022 by on behalf of USA. Responses due by 3/18/2022. (Attachments: # 1 Proposed Order)(Lyons, Tara) (Entered: 03/04/2022) |
| 03/04/2022 | 277 | | ORDER granting 276 Motion for Leave of Absence by Tara Lyons for the dates of April 4, 22 through April 8, 2022 and June 13, 2022 through June 17, 2022 as to Michael Peyton Gunn (1), Amanda Gunn (2). Signed by Chief Judge J. Randal Hall on 03/4/2022. (maa) (Entered: 03/04/2022) |
| 03/08/2022 | 278 | | MOTION for Leave of Absence as to USA for dates of : May 30, 2022, through and including June 6, 2022 by on behalf of USA. Responses due by 3/22/2022. (Attachments: # 1 Proposed Order)(Lyons, Tara) (Entered: 03/08/2022) |
| 03/10/2022 | 279 | | ORDER granting the Government's 278 Motion for Leave of Absence for dates: May 30, 2022, through June 6, 2022, as to Michael Peyton Gunn (1), Amanda Gunn (2). Signed by Chief Judge J. Randal Hall on 3/10/2022. (ca) (Entered: 03/10/2022) |
| 03/14/2022 | | | NOTICE OF STANDING ORDER MC122−8 in re The National Emergency Declared on March 13, 2020: Eighth Renewal of the CARES Act Order. The authorizations contained in the Court's March 30, 2020 General Order (MC120−005), and renewed on June 20, 2020 (MC120−014), September 24, 2020 (MC120−021), December 21, 2020 (MC120−029), March 18, 2021 (MC121−10), June 17, 2021 (MC121−23), September 14, 2021 (MC121−27), and December 9, 2021 (MC121−35) are hereby renewed. This authority is effective for ninety days unless otherwise ordered. (Click Here to View)Signed by Chief Judge J. Randal Hall on 3/9/22. (wwp) (Entered: 03/14/2022) |
| 03/14/2022 | | | Terminate Compliance Deadline re Government Objections to PSI as to Michael Peyton Gunn. (JH) (Entered: 03/14/2022) |
| 03/23/2022 | 283 | | MOTION for Leave of Absence as to USA for dates of : June 27, 2022, through and including July 1, 2022 by on behalf of USA. Responses due by 4/6/2022. (Attachments: # 1 Proposed Order)(Lyons, Tara) (Entered: 03/23/2022) |
| 03/24/2022 | 284 | | ORDER granting re 283 Motion for Leave of Absence for dates of June 27, 2022, through and including July 1, 2022 as to Michael Peyton Gunn (1), Amanda Gunn (2). Signed by Chief Judge J. Randal Hall on 3/24/22. (loh) (Entered: 03/24/2022) |
| 04/06/2022 | 286 | | Final Presentence Investigation Report as to Michael Peyton Gunn (USPO) (Entered: 04/06/2022) |
| 04/07/2022 | 287 | | NOTICE OF HEARING as to Michael Peyton Gunn. Sentencing set for 5/10/2022 10:30 AM in Augusta − 2nd Floor before Chief Judge J. Randal Hall. (lcw) (Entered: 04/07/2022) |
| 04/07/2022 | 289 | | CORRECTED NOTICE OF HEARING as to Michael Peyton Gunn. Sentencing set for 5/24/2022 10:00 AM in Augusta − 2nd Floor before Chief |

| | | | |
|---|---|---|---|
| | | | Judge J. Randal Hall. (lcw) (Entered: 04/07/2022) |
| 05/24/2022 | 294 | | TRIAL EXHIBIT 16 by USA. (lcw) (Entered: 05/24/2022) |
| 05/24/2022 | 295 | | TRIAL EXHIBIT 17 by USA. (lcw) (Additional attachment(s) added on 5/24/2022: # 1 Exhibit) (lcw). (Entered: 05/24/2022) |
| 05/24/2022 | 296 | | TRIAL EXHIBITS 18, 20, and 21 by USA. (Attachments: # 1 Exhibit 20, # 2 Exhibit 21)(lcw) (Entered: 05/24/2022) |
| 05/24/2022 | 297 | | TRIAL EXHIBIT 22 by USA. (lcw) (Additional attachment(s) added on 5/24/2022: # 1 Exhibit) (lcw). (Entered: 05/24/2022) |
| 05/24/2022 | 298 | | TRIAL EXHIBITS 23, 24, 25, and 29 by USA. (Attachments: # 1 Exhibit 24, # 2 Exhibit 25, # 3 Exhibit 29)(lcw) (Entered: 05/24/2022) |
| 05/24/2022 | 299 | | TRIAL EXHIBIT 30 by USA. (lcw) (Entered: 05/24/2022) |
| 05/24/2022 | 302 | | TRIAL EXHIBIT 44 by USA. (Document Restricted) (Attachments: # 1 Part 2 of Exhibit, # 2 Part 3 of Exhibit) (maa). (Entered: 05/25/2022) |
| 05/24/2022 | 304 | | TRIAL EXHIBIT 44 continued by USA. (Document Restricted) (Attachments: # 1 Part 5 of Exhibit # 2 Part 6 of Exhibit # 3 Part 7 of Exhibit) (maa). (Entered: 05/25/2022) |
| 05/24/2022 | 305 | | Minute Entry for proceedings held before Chief Judge J. Randal Hall: Sentencing held on 5/25/2022 for Michael Peyton Gunn (1). As to Count 1s, Def is sentenced to the custody of the BOP for life to be served concurrently to all other counts; supervised release for life to be served concurrently all all other counts; $800,000 restitution; $100 special assessment. As to Count 2s, Def is sentenced to the custody of the BOP for life to be served concurrently with all other counts; supervised release for life to be served concurrently with all other counts; $100 special assessment. As to Count 3s, Def is sentenced to the custody of the BOP for life to be served concurrently with all other counts; supervised release for life to be served concurrently with all other counts; $100 special assessment. As to Counts 4s–7s, Def is sentenced to 30 years custody BOP as to each of counts 4s–7s to be served concurrently; Supervised release for life as to each of counts 4s–7s to be served concurrently; $100 special assessment as to each of counts 4s–7s; and $100 AVAA special assessment as to each of counts 4s–7s. As to Count 8s,Def is sentenced to 20 years custody BOP to be served concurrently with all other counts; supervised release for life to be served concurrently with all other counts; $100 special assessment; $100 AVAA special assessment. As to Count 9s, Def is sentenced to 25 years custody BOP to be served concurrently with all other counts; supervised release for life to be served concurrently with all other counts; $100 special assessment. Counts 1–4, and 5 are DISMISSED. Def is remanded to custody of USMS. (Court Reporter Lisa Davenport.) (lcw) Modified on 5/25/2022 (lcw). (Entered: 05/25/2022) |
| 05/25/2022 | 303 | | TRIAL EXHIBITS 48, 50 and 60 by USA. (Attachments: # 1 Exhibit 50, # 2 Exhibit 60)(lcw) Modified on 5/25/2022 (lcw). (Entered: 05/25/2022) |
| 05/25/2022 | 309 | | Restitution/Victim Information as to Michael Peyton Gunn (USPO) (Entered: 05/25/2022) |
| 05/25/2022 | 310 | | |

| | | | |
|---|---|---|---|
| | | | DEFENSE TRIAL EXHIBIT 4 (Document Restricted) (lcw) (Entered: 05/25/2022) |
| 05/25/2022 | 312 | | Statement of Reasons as to Michael Peyton Gunn (USPO) (Entered: 05/25/2022) |
| 05/25/2022 | 314 | | JUDGMENT as to Michael Peyton Gunn (1), Count(s) 1–4, 5, DISMISSED; Count(s) 1s, custody of the BOP for life to be served concurrently to all other counts; supervised release for life to be served concurrently all all other counts; $800,000 restitution; $100 special assessment; Count(s) 2s, custody of the BOP for life to be served concurrently with all other counts; supervised release for life to be served concurrently with all other counts; $100 special assessment; Count(s) 3s, custody of the BOP for life to be served concurrently with all other counts; supervised release for life for be served concurrently with all other counts; $100 special assessment; Count(s) 4s–7s, 30 years custody BOP as to each of counts 4s–7s to be served concurrently; Supervised release for life as to each of counts 4s–7s to be served concurrently; $100 special assessment as to each of counts 4s–7s; and $100 AVAA special assessment as to each of counts 4s–7s; Count(s) 8s, 20 years custody BOP to be served concurrently with all other counts; supervised release for life to be served concurrently with all other counts; $100 special assessment; $100 AVAA special assessment; Count(s) 9s, 25 years custody BOP to be served concurrently with all other counts; supervised release for life to be served concurrently with all other counts; $100 special assessment. Signed by Chief Judge J. Randal Hall on 5/25/2022. (csr) (Entered: 05/25/2022) |
| 06/01/2022 | 315 | | Notice of Post–Conviction Consultation Certification (Merzlak, Shawn) (Entered: 06/01/2022) |
| 06/01/2022 | 316 | | NOTICE OF APPEAL by Michael Peyton Gunn as to Michael Peyton Gunn, Amanda Gunn re 314 Judgment,,,,, (Merzlak, Shawn) (Entered: 06/01/2022) |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Case No.: 1:20-CR-014** |
| | ) | |
| MICHAEL PEYTON GUNN, | ) | |
| DEFENDANT. | ) | |

## NOTICE OF APPEAL

Notice is hereby given that Michael Peyton Gunn, Defendant in the above-captioned case, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Final Judgment in this action entered on May 25, 2022 (ECF No. 314) and from the Order of this court entered on February 23, 2022, denying Defendant's Motion for Judgment of Acquittal under Federal Rule of Criminal Procedure 29, or in the alternative, Motion for New Trial under Federal Rule of Criminal Procedure 33. (ECF No. 274).

Respectfully submitted this 1st day of June, 2022.

/s/ *Shawn M. Merzlak*
SHAWN M. MERZLAK
GA Bar No. 297965

ATTORNEY FOR DEFENDANT

U.S.A. v. GUNN
NOTICE OF APPEAL
**Page 1 of 2**

HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30909
(706) 444-4444
smerzlak@hawklawgroup.com

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the Notice of Electronic Filing that was generated as a result of electronic filing in this Court.

This 1st day of June, 2022.

*/s/ Shawn M. Merzlak*
SHAWN M. MERZLAK
Georgia Bar No. 297965

ATTORNEY FOR DEFENDANT

HAWK LAW GROUP
338 Telfair Street
Augusta, Georgia 30901
(706) 444-4444
smerzlak@hawklawgroup.com

U.S.A. v. GUNN
NOTICE OF APPEAL
Page 2 of 2

GAS 245B  (Rev. 06/21) Judgment in a Criminal Case
DC Custody TSR

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DIST. COURT
AUGUSTA DIV.

2022 MAY 25 ⊃ 3: 46

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| Michael Peyton Gunn | Case Number: 1:20CR00014-1 |
| | USM Number: 23512-021 |

LEM *M. akns*
SO. DIST. OF GA.

Shawn M. Merzlak
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to Counts _____.

☐ pleaded nolo contendere to Count(s) _____ which was accepted by the court.

☒ was found guilty on Counts <u>1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, and 9s</u> after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1594(c), 18 U.S.C. § 1591(a), 18 U.S.C. § 1591(b)(1) | Sex trafficking conspiracy | November 30, 2019 | 1s |

See additional counts on page 2

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on Count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed as to this defendant on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

May 24, 2022
Date of Imposition of Judgment

Signature of Judge

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
Name and Title of Judge

5/25/2022
Date

GAS 245B          (Rev. 06/21) Judgment in a Criminal Case
DC Custody TSR                                                                        Judgment — Page 2 of 8

DEFENDANT:          Michael Peyton Gunn
CASE NUMBER:        1:20CR00014-1

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1591(a),<br>18 U.S.C. §1591(b)(1) | Sex trafficking of a child | July 22, 2019 | 2s |
| 18 U.S.C. §2422(b) | Coercion and enticement of a child to engage in sexual activity | July 22, 2019 | 3s |
| 18 U.S.C. §2251(b),<br>18 U.S.C. §2251(e) | Production of child pornography by a parent or guardian | November 30, 2019 | 4s |
| 18 U.S.C. §2251(b),<br>18 U.S.C. §2251(e) | Production of child pornography by a parent or guardian | November 30, 2019 | 5s |
| 18 U.S.C. §2251(b),<br>18 U.S.C. §2251(e) | Production of child pornography by a parent or guardian | October 31, 2019 | 6s |
| 18 U.S.C. §2251(b),<br>18 U.S.C. §2251(e) | Production of child pornography by a parent or guardian | July 31, 2019 | 7s |
| 18 U.S.C. §2252A(a)(5)(B),<br>18 U.S.C. §2252A(b)(2) | Possession of child pornography | February 7, 2019 | 8s |
| 18 U.S.C. §1591(d) | Obstruction of a child sex trafficking investigation | December 9, 2020 | 9s |

GAS 245B       (Rev. 06/21) Judgment in a Criminal Case                                                      Judgment — Page 3 of 8
DC Custody TSR

| DEFENDANT: | Michael Peyton Gunn |
|---|---|
| CASE NUMBER: | 1:20CR00014-1 |

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: <u>life. This sentence consists of terms of life as to each of Counts 1s through 3s, 30 years as to each of Counts 4s through 7s, 20 years as to Count 8s, and 25 years as to Count 9s, all to be served concurrently.</u>

☒     The Court makes the following recommendations to the Bureau of Prisons:
It is recommended that the defendant be evaluated by Bureau of Prisons officials to establish his participation in an appropriate program of substance abuse treatment and counseling, including the Residential Drug Abuse Program (RDAP), during his term of incarceration.

☒     The defendant is remanded to the custody of the United States Marshal.

☐     The defendant shall surrender to the United States Marshal for this district:

     ☐   at                ☐   a.m.    ☐   p.m.    on

     ☐   as notified by the United States Marshal.

☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐   before 2 p.m. on

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on                             to

at                                , with a certified copy of this judgment.

                                                    UNITED STATES MARSHAL

                         By

                                                   DEPUTY UNITED STATES MARSHAL

GAS 245B       (Rev. 06/21) Judgment in a Criminal Case                                                    Judgment — Page 4 of 8
DC Custody TSR

DEFENDANT:       Michael Peyton Gunn
CASE NUMBER:     1:20CR00014-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: <u>life as to each of Counts 1s through 9s, to be served concurrently</u>.

# MANDATORY CONDITIONS

1.  You must not commit another federal, state, or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*

4.  ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(Check, if applicable.)*

5.  ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

6.  ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(Check, if applicable.)*

7.  ☐ You must participate in an approved program for domestic violence. *(Check, if applicable.)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

GAS 245B
DC Custody TSR
(Rev. 06/21) Judgment in a Criminal Case

DEFENDANT: Michael Peyton Gunn
CASE NUMBER: 1:20CR00014-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4.  You must answer truthfully the questions asked by your probation officer.

5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as a nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting permission from the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified that person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provide me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

GAS 245B        (Rev. 06/21) Judgment in a Criminal Case                                    Judgment — Page 6 of 8
DC Custody TSR

DEFENDANT:          Michael Peyton Gunn
CASE NUMBER:        1:20CR00014-1

# SPECIAL CONDITIONS OF SUPERVISION

1. You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

2. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

3. You must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

4. You must submit your person, property, house, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

5. You must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program. You must pay the costs of treatment in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment.

6. You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

7. You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

8. You must not view or possess any 'visual depiction' (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of 'sexually explicit conduct' (as defined in 18 U.S.C. § 2256).

9. You must not go to, or remain at, any place where you know children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities.

10. You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

11. A curfew is imposed as a special condition of supervised release. You must comply with the conditions of a curfew from 10:00 p.m. until 6:00 a.m. for the period of supervision. During this time, you will remain at your place of residence at all times and shall not leave except when such leave is approved in advance by the probation officer.

GAS 245B
DC Custody TSR    (Rev. 06/21) Judgment in a Criminal Case

Judgment — Page 7 of 8

DEFENDANT:    Michael Peyton Gunn
CASE NUMBER:    1:20CR00014-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment ** |
|---|---|---|---|---|---|
| TOTALS | $900 | $800,000 | None | $500 | Waived |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Minor victim (G.G.) | | $800,000 | 1 |

| TOTALS | $ | $ | 800,000 | |
|---|---|---|---|---|

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒  the interest requirement is waived for the  ☐ fine  ☒ restitution.

☐  the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

GAS 245B      (Rev. 06/21) Judgment in a Criminal Case                                        Judgment — Page 8 of 8
DC Custody TSR

DEFENDANT:      Michael Peyton Gunn
CASE NUMBER:      1:20CR00014-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ☒   Lump sum payment of $   $1,400   due immediately, balance due

       ☐   not later than              , or
       ☒   in accordance   ☐ C,   ☐ D,   ☐ E, or     ☒ F below; or

**B**   ☐   Payment to begin immediately (may be combined with     ☐ C,     ☐ D, or     ☐ F below); or

**C**   ☐   Payment in equal           *(e.g., weekly, monthly, quarterly)* installments of $           over a period of
                           *(e.g., months or years)*, to commence           *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**   ☐   Payment in equal           *(e.g., weekly, monthly, quarterly)* installments of $           over a period of
                           *(e.g., months or years)*, to commence           *(e.g., 30 or 60 days)* after release from imprisonment to a
       term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within       *(e.g., 30 or 60 days)* after release from
       imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☒   Special instructions regarding the payment of criminal monetary penalties:

       Pursuant to 18 U.S.C. § 3664(f)(3)(B), nominal payments of either quarterly installments of a minimum of $25
       if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR shall be made.
       If ever released from imprisonment and while on supervised release, nominal payments of a minimum of $500
       per month shall be made. Payments are to be made payable to the Clerk, United States District Court, for
       disbursement to the victim.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐     Joint and Several
      Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
      and corresponding payee, if appropriate.

☐     The defendant shall pay the cost of prosecution.

☐     The defendant shall pay the following court cost(s):

☐     The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA          *
                                  *
        v.                        *      CR 120-014
                                  *
MICHAEL PEYTON GUNN               *

ORDER

Before the Court is Defendant Michael Peyton Gunn's motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, or in the alternative, motion for new trial under Federal Rule of Criminal Procedure 33. (Doc. 256.) For the reasons set forth below, Defendant's motions are **DENIED**.

## I. BACKGROUND

On November 18, 2021, a jury convicted Defendant on nine counts: (1) sex trafficking conspiracy under 18 U.S.C. § 1594(c); (2) sex trafficking of a child under 18 U.S.C. § 1591(a); (3) coercion and enticement of a minor to engage in sexual activity under 18 U.S.C. § 2422(b); (4-7) four counts of production of child pornography by a parent or guardian under 18 U.S.C. § 2251(b); (8) possession of child pornography (visual depiction of actual minor) under 18 U.S.C. § 2252(a)(5)(B); and (9) obstruction of a child sex trafficking investigation under 18 U.S.C. § 1591(d). (Doc. 254.) At the close of the Government's case, Defendant moved for a judgment of acquittal on all counts under Federal Rule of

Criminal Procedure 29. The Court denied his motion. Defendant now renews his motion for judgment of acquittal and moves for a new trial in the alternative. (Doc. 256).

## II. MOTION FOR JUDGMENT OF ACQUITTAL

### A. Legal Standard

A motion for judgment of acquittal should be granted only if "the evidence is insufficient to sustain a conviction" of the offense charged. FED. R. CRIM. P. 29(a). In considering a Rule 29 motion, "the trial court is required to determine whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987) (citations omitted). The verdict must stand if there is substantial evidence to support it, that is, "unless no trier of fact could have found guilt beyond a reasonable doubt." United States v. Pineiro, 389 F.3d 1359, 1367 (11th Cir. 2004) (citation and quotation marks omitted).

### B. Analysis

Defendant argues "the [G]overnment did not present sufficient evidence to convict the Defendant of the counts alleged in the Indictment." (Doc. 256, at 2.) Further, he argues "even taken in the light most favorable to the Government, there was insufficient

2

evidence at trial to establish beyond a reasonable doubt that the defendant committed the counts alleged in the Indictment." (<u>Id.</u> at 2-3.) The Government responded to Defendant's motion, arguing Defendant's contentions are without merit and the evidence at trial conclusively proved Defendant guilty on all nine counts of the Indictment. (Doc. 259, at 3-4.)

1. <u>Count One – Sex Trafficking Conspiracy</u>

To prove sex trafficking conspiracy, the Government had to prove beyond a reasonable doubt:

(1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit sex trafficking of a child, as charged in the indictment; and

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it; and

(3) the object of the unlawful plan was to knowingly recruit, entice, harbor, transport, provide, obtain, or maintain by any means the Minor, whom the Defendant knew, or recklessly disregarded the fact, had not attained the age of 18 years, or whom the Defendant had a reasonable opportunity to observe, whom would be caused to engage in a commercial sex act; and

(4) that the object of the Defendant's plan was in or affected interstate commerce.

18 U.S.C. § 1594(c). The Court finds the Government met its burden of proof as to all elements of count one. As to element one, the Government presented the testimony of co-defendant Amanda Gunn who explained the background and operation of the sex trafficking conspiracy. As to the second element, the Government presented

3

testimony and exhibits (including the testimony of the minor victim) that showed how Defendant acted to carry out the conspiracy, as well as audio recordings of Defendant's statements given to law enforcement. As to element three, the Government presented testimony by the minor victim, audio recordings of Defendant's statements given to law enforcement, testimony of Jonathan Grantham (who engaged in the sex trafficking for which he was separately convicted), and voluminous other evidence that Defendant planned to traffic the minor victim across state lines for the purpose of engaging in commercial sex acts. The Government showed Defendant planned to commercially traffic the minor victim, whom he knew was under the age of eighteen, to commit commercial sex acts for money and other consideration, and that he actually did, among other acts, recruit, maintain, harbor, transport, and provide the minor victim for that purpose. As to element four, Defendant engaged in commercial sex trafficking from his home in Georgia across state lines into North Augusta, South Carolina, specifically with a resident of South Carolina who engaged in sex acts with the minor victim at a motel in that state. As such, the evidence presented by the Government was sufficient for a reasonable trier of fact to find Defendant guilty beyond a reasonable doubt as to count one.

4

## 2. Count Two – Sex Trafficking of a Child

To prove sex trafficking of a child, the Government had to prove beyond a reasonable doubt:

(1) the Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means the Minor;

(2) that the Defendant did so knowing or in reckless disregard of the fact that the Minor had not attained the age of 18 years and would be caused to engage in a commercial sex act, or whom the Defendant had a reasonable opportunity to observe; and

(3) that the Defendant's acts were in or affected interstate commerce.

18 U.S.C. § 1591(a). The Government provided sufficient evidence for a reasonable trier of fact to find Defendant guilty beyond a reasonable doubt of count two. As to elements one and two, the Government presented testimony by the minor victim, audio recordings of Defendant's statements given to law enforcement, testimony of Jonathan Grantham (who engaged in the sex trafficking for which he was separately convicted), and voluminous other evidence that showed Defendant knowingly transported the minor victim across state lines for the purpose of engaging in commercial sex acts. The Government further showed Defendant knew the minor victim was under the age of eighteen, and that Defendant had a reasonable opportunity to observe the victim. Further, as to element three, the Government presented testimony that the minor victim crossed the state line between Georgia and South Carolina,

5

which affected interstate commerce. This evidence supports the Government meeting its burden of proof as to count two.

### 3. <u>Count Three – Coercion and Enticement of a Minor to Engage in Sexual Activity</u>

To prove coercion and enticement of a minor to engage in sexual activity, the Government had to prove beyond a reasonable doubt:

    (1)    the Defendant knowingly persuaded, induced, enticed, or coerced the Minor to engage in sexual activity, as charged;

    (2)    the Defendant used the internet to do so;

    (3)    when the Defendant did these acts, the Minor was less than 18 years old; and

    (4)    one or more of the individual(s) engaging in the sexual activity could have been charged with a criminal offense under the law of Georgia.

18 U.S.C. § 2422(b). The Government provided sufficient evidence for count three. As to element one, the Government introduced testimony of the minor victim that showed Defendant knowingly coerced her to engage in sexual activity. The Government also introduced other testimony, specifically that of Amanda Gunn, demonstrating that Defendant forced the minor victim to engage in commercial sex acts. As to element two, the minor victim provided extensive testimony describing the Defendant's use of the internet to coerce the minor victim to engage in commercial sex acts. Jonathan Grantham also testified as to how he contacted the minor victim to engage in sex acts, namely by use of internet websites,

6

and the Government presented evidence that Defendant was the operator of the internet accounts through which he committed sex trafficking of the minor victim. As to element three, as shown above, the Government proved the minor victim was younger than eighteen years old at the time. As to element four, the Government showed that Defendant's conduct could have been charged as a criminal offense under the law of Georgia – specifically, child molestation and other related offenses.

This evidence supports the Government meeting its burden of proof as to count three.

4. <u>Counts Four, Five, Six, and Seven – Production of Child Pornography by a Parent or Guardian</u>

To prove production of child pornography by a parent or guardian, the Government had to prove beyond a reasonable doubt:

(1) an actual minor, that is, a real person who was less than 18 years old, was depicted;

(2) the Defendant was a parent or legal guardian of the Minor;

(1) the Defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, e.g., video tape, of the conduct;

(2) either (a) the Defendant knew or had reason to know that the visual depiction, e.g., video tape, would be mailed or transported in interstate or foreign commerce; (b) the visual depiction, e.g., video tape, was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or (c) the visual depiction, e.g., video tape, was mailed or actually transported in interstate or foreign commerce.

7

18 U.S.C. § 2251(b). The Government provided sufficient evidence for counts four through seven. As to element one, the Government showed the minor victim was a real person under the age of eighteen at all relevant times. The minor victim testified in the case and is still under the age of eighteen. As to element two, the Government introduced the testimony of the minor victim and Amanda Gunn to demonstrate that defendant was the legal guardian of the minor victim at all relevant times. As to element three, the Government introduced voluminous evidence, including testimony by numerous law enforcement officials, photographic evidence, physical evidence, including an identifying piece of clothing owned by Defendant and present in a series of child pornography images, and testimony of the minor victim and Amanda Gunn, all of which showed Defendant coerced the minor to engage in sexually explicit conduct for the purpose of producing and distributing child pornography. As to element four, the Government introduced testimony and photographic evidence that Defendant shipped the visual depictions in interstate commerce via the internet, that the depictions were actually transported in interstate commerce, and that Defendant knew or had reason to know the same. This evidence supports the Government meeting its burden of proof as to counts four through seven.

 (5) <u>Count Eight – Possession of Child Pornography (Visual Depiction of Actual Minor)</u>

8

To prove possession of child pornography (visual depiction of actual minor), the Government had to prove beyond a reasonable doubt:

    (1) the Defendant knowingly possessed an item or items of child pornography;

    (2) the item[s] of child pornography had been transported, shipped, or mailed in interstate or foreign commerce, including by computer; and

    (3) when the Defendant possessed the item[s], the Defendant believed the item[s] were child pornography.

18 U.S.C. § 2252A(a)(5)(B). The Government provided sufficient evidence for count eight. As to element one, the Government showed Defendant possessed numerous items of child pornography by introducing forensic evidence relating to electronic devices belonging to Defendant which held child pornography, as well as forensic evidence tying child pornography to email addresses controlled by Defendant. As to element two, the Government introduced witness testimony by law enforcement officials in Texas that the items of child pornography at issue were transported across state lines from Georgia via computer. As to element three, the Government introduced testimony and evidence, including testimony by the minor victim and Amanda Gunn, that the Defendant knew the items were child pornography at all relevant times. This evidence supports the Government meeting its burden of proof as to count eight.

9

6. <u>Count Nine – Obstruction of a Child Sex Trafficking Investigation</u>

To prove obstruction of a sex trafficking investigation, the Government had to prove beyond a reasonable doubt:

(1) the Defendant knowingly obstructed or attempted to obstruct the enforcement of investigation; and

(2) the investigation related to 18 U.S.C. § 1591 (Sex Trafficking of a Child).

18 U.S.C. § 1591(d). Again, the Government provided sufficient evidence for count nine. As to element one, the Government introduced the complete audio recording of the statement Defendant gave to law enforcement in which he obfuscated his activities related to the above-described counts. The Government also provided evidence the Defendant destroyed a cellular phone filled with relevant evidence. This showed he obstructed an investigation into sex trafficking activity. Finally, as described above, element two is satisfied because one of the counts charged and investigated was related to 18 U.S.C. § 1591.

Based on this, a reasonable trier of fact could find the evidence established guilt beyond a reasonable doubt as to all counts, and Defendant's motion for acquittal is **DENIED**.

## III. MOTION FOR NEW TRIAL

### A. Legal Standard

A motion for new trial must be granted "if the interest of justice so requires." FED. R. CRIM. P. 33(a). A court can set

10

aside a verdict and grant a new trial if it concludes that "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." United States v. Martinez, 763 F.2d 1297, 1313 (11th Cir. 1985) (citation omitted). Motions for new trial based on the weight of the evidence are not favored; the Eleventh Circuit directs that courts cautiously and sparingly grant them only in "really exceptional cases." Id. (citations and quotation marks omitted). Unlike a motion for judgment of acquittal, "the court need not view the evidence in the light most favorable to the verdict," and it may weigh the evidence and consider witnesses' credibility. Id. at 1312 (citations omitted). While the district court enjoys broad discretion, it may not "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." Id. at 1312-13 (citation omitted).

## B. Analysis

Defendant moves for a new trial on all counts, arguing that "[e]ven if the evidence is found sufficient to sustain the verdict, it preponderates heavily against the verdict." (Doc. 256, at 4.) Defendant's main contention is that "[t]he testimony and exhibits from the Government offered proof that someone committed the crimes alleged and did not establish that it was the Defendant to the exclusion of every other reasonable hypothesis." (Id. at 3.) The Government argues this contention is without merit, and the Court agrees. (Doc. 259, at 5.)

11

From the Court's review of the record and its own recollection of the evidence presented at trial, the Court determines that Defendant fails to demonstrate that the evidence heavily preponderates against the jury's guilty verdict on counts one through nine. The Court finds no miscarriage of justice; therefore, the Court **DENIES** Defendant's motion for a new trial.

### IV. CONCLUSION

Based on the foregoing, the Defendant cannot show that the evidence at trial, viewed in the light most favorable to the Government, was insufficient to sustain a conviction. Accordingly, Defendant's motion for judgment of acquittal is **DENIED**. Similarly, none of the grounds set forth by Defendant require the Court to set aside the verdict and grant a new trial, so his motion for new trial is also **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of February, 2022.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA